619 A.2d 277

**Claire L. SPINK, Appellant,**

v.

**Jack D. SPINK.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1992.

Filed Nov. 18, 1992.

Reargument Denied Feb. 22, 1993.

128

Thomas O. Schmitt, Pittsburgh, for appellant.

Robert J. Fall, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and POPOVICH and CERCONE, JJ.

CERCONE, Judge:

Claire L. Spink ("wife") appeals the order of the trial court discontinuing alimony *pendente lite*. For the reasons that follow, we affirm.

Appellant Claire L. Spink ("wife") and appellee Jack D. Spink ("husband") were married on March 23, 1963. On May 18, 1988, wife filed a complaint for divorce seeking, among other things, alimony pendente lite and permanent alimony. In a consent order dated July 25, 1988, husband agreed to pay wife alimony pendente lite (APL) in the amount of five hundred dollars ($500) a month. Subsequently, the trial court conducted a hearing on the parties' claims for equitable distribution. On October 4, 1990, the trial court entered an order distributing the marital assets and a final Decree in Divorce was entered on February 27, 1991.

In its equitable distribution order of October 4, 1990, the trial court ordered husband to pay *alimony* to wife, also in the amount of five hundred dollars ($500) per month until the sale of the marital residence and for at least one year from the date of the order. The order made no mention of continuing

or discontinuing alimony pendente lite. Therein lies the crux of the litigation before us. Following the October 4, 1990 order, husband paid wife five hundred dollars per month. In the interim, wife filed for and was granted leave to file a motion for post-trial relief of the trial court's equitable distribution order more than two months after its entry. In her appeal of the equitable distribution order, wife contends that she should receive either a greater share of the marital estate, or continued alimony. Wife's appeal of the equitable distribution order is under separate consideration by this court.

On September 23, 1991, counsel for the parties appeared before a hearing officer on a Rule to Enforce an existing Order for the payment of child support and alimony or alimony pendente lite ("APL"). As quoted by the trial court, the hearing officer found that:

> [Husband's] obligation to continue to pay the $500.00 a month alimony/APL obligation outlined in the 10–4–90 order is on appeal to the Superior Court. Insofar as that appeal is pending and [husband] has satisfied the payments under the 10–4–90 order in duration of payments, said order is suspended insofar as enforcement by this court is concerned.

Trial Court Opinion dated 6/4/92 at 3. Appellant timely filed exceptions to the hearing officer's recommendations. Adopting the hearing officer's recommendations, the trial court entered a temporary order on October 7, 1991. On February 7, 1992, the trial court dismissed appellant's exceptions to the hearing officer's recommendations and rendered the October 7, 1991 order a final order from which appellant filed this timely appeal.

On appeal, appellant argues that the trial court abused its discretion when it discontinued alimony pendente lite without an evidentiary hearing while an appeal of the equitable distribution order was pending before the Superior Court. Initially, we note that the determination of the amount to be awarded, whether of alimony or alimony pendente lite, rests in the sound discretion of the trial court. *Murphy v. Murphy*, 410 Pa.Super. 146, 154, 599 A.2d 647, 651 (1991),

*allocatur denied,* 530 Pa. 633, 606 A.2d 902 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). Absent an abuse of that discretion, an appellate court will not disturb the trial court's award. *Id.* "In the context of such determinations, the proper employment of judicial discretion includes the mandate to apply the Divorce Code in a compassionate and reasonable manner to effectuate the overriding goal of achieving economic justice between the parties." *Id.* 410 Pa.Super. at 154–55, 599 A.2d at 651.

At this point, it is important to make the distinction between alimony and alimony pendente lite. Alimony pendente lite is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets "which are the financial sinews of domestic warfare." *DeMasi v. DeMasi,* 408 Pa.Super. 414, 420, 597 A.2d 101, 104 (1991). Under the Divorce Code, however, the trial court may allow alimony to either party only if it finds alimony is necessary. 23 Pa.C.S.A. § 3701(a). Accordingly, alimony is not available until after the divorce decree has been entered. *Id.* "[Alimony] is based on need and may be reduced or terminated upon remarriage or change in economic circumstances of the party receiving it." *Id.* (citing 23 Pa.C.S.A. § 3701(e), 3706, and 3707).

Alimony pendente lite is not dependent upon the status of the parties, but upon the status of the litigation. *Id.* Theoretically, alimony pendente lite terminates at the time of divorce. *Id.* However, "a divorce is not final for the purposes of [alimony pendente lite] until appeals have been exhausted and a final decree has been entered." *Id.* at 420–21, 597 A.2d at 104. If an appeal is pending on the equitable distribution of the marital assets, alimony pendente lite will continue throughout the appeal process and any remand until a final order is entered. *Id.* at 421, 597 A.2d at 104. "[Alimony pendente lite] focuses on the ability of the individual who receives the [alimony pendente lite] during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for that purpose, which turns on the

economic resources available to the spouse." *Id.* at 421–22, 597 A.2d at 105.

In resolving wife's present claim, we must address two distinct issues. Initially, we must determine whether the payments to wife subsequent to the trial court's equitable distribution order constituted alimony or alimony pendente lite. After making that determination, we must then address whether husband's obligation to wife should continue throughout the duration of wife's appeal of the equitable distribution order. A review of the history of the payments to wife sheds little light on these perplexing questions.

In a consent order dated July 25, 1988, husband agreed to pay wife alimony pendente lite in the amount of five hundred dollars ($500.00) per month. After a hearing on the equitable distribution of the marital assets, the trial court ordered husband to pay wife *alimony* in the amount of five hundred dollars per month until the sale of the marital residence and for at least one year from the date of the order. The trial court also awarded wife counsel fees in the amount of ten thousand dollars ($10,000). Unfortunately, the trial court made no mention of husband's obligation to pay wife alimony pendente lite under the consent order of July 25, 1988. To confuse matters even more, the trial court opinion dated June 4, 1992, addresses wife's arguments under both scenarios: as if the payments were alimony and, in the alternative, alimony pendente lite. Moreover, a review of the September 23, 1991 hearing transcript yields little assistance in clarifying this matter.

At the September 23, 1991 hearing, wife's counsel presented the issues of (1) whether the payments made by husband after entry of the equitable distribution order are alimony or alimony pendente lite; and (2) whether the payments should continue longer than one year after the entry of the equitable distribution order. Husband's counsel countered that "it would seem to me not within the confines of this hearing to determine a very serious legal issue as to how APL orders are treated and what the disposition is when a case is complete...." N.T. 9/23/91 at 13. Husband's counsel framed the

issue before the hearing officer as whether husband paid the five hundred dollars to his wife in compliance with the October 4, 1990 order. The hearing officer stated that "Mr. Spink's payment today satisfies his *APL* obligation so far as we know it now[.]" *Id.* at 38. However, in her written recommendations, the hearing officer characterized the payments as husband's "$500.00/mo alimony/APL obligation outlined in the 10–4–90 order." Hearing Summary dated 9–24–91. Therefore, it would seem that the question of whether the payments constituted alimony or alimony pendente lite was never resolved at the trial court level.

After thoroughly reviewing the record, we note that the trial court never ordered termination of alimony pendente lite to wife. However, following the equitable distribution order, the record discloses no contest by wife of husband's monthly payments of five hundred dollars. Arguably, if the trial court had not discontinued alimony pendente lite, wife would have been entitled to one thousand dollars ($1,000) per month. Of this one thousand dollars, five hundred dollars would have been alimony, and five hundred dollars would have been alimony pendente lite. We can find no other explanation for this discrepancy except that the trial court had discontinued alimony pendente lite in favor of the equitable distribution award, including alimony, and the award of counsel fees.

In light of the foregoing, we find no abuse of discretion by the trial court in determining that the payment made by husband at the September 23, 1991, hearing represented his final installment pursuant to the equitable distribution order of October 4, 1990. Under the terms of the October 4, 1990 order, husband had paid his alimony obligation until the sale of the marital residence and for at least one year from the date of the order. Wife's argument for an extension of alimony or for permanent alimony is the subject of a separate appeal of the equitable distribution order and will not be considered at this time.

Even assuming, *arguendo,* that the equitable distribution order continued alimony pendente lite, we still find no abuse of discretion by the trial court in discontinuing the

payments to wife. As noted *supra*, an award of alimony pendente lite is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets "which are the financial sinews of domestic warfare." *DeMasi v. DeMasi, supra,* 408 Pa.Super. at 420, 597 A.2d at 104. Here, the trial court noted that upon the sale of the marital residence, wife would receive one hundred twenty thousand dollars ($120,000) as a partial distribution of the proceeds. The trial court's conclusion that wife had not demonstrated a need for further payment of alimony pendente lite is supported in the record and we will not disturb it on appeal.[1]

Order affirmed.

---

1. Although wife argues that she requested an evidentiary hearing on this issue, we find no record of such a request in the certified record. It is beyond cavil that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal. *Commonwealth v. Osellanie,* 408 Pa.Super. 472, 476, 597 A.2d 130, 131 (1991). For purposes of appellate review, what is not of record does not exist. *Frank v. Frank,* 402 Pa.Super. 458, 463 n. 5, 587 A.2d 340, 342–43 n. 5 (1991). It is the appellant's responsibility to provide a complete and comprehensive record to the reviewing court. *Commonwealth v. Feflie,* 398 Pa.Super. 622, 630, 581 A.2d 636, 640 (1990), *allocatur denied,* 528 Pa. 621, 597 A.2d 1151 (1991).