Lucille A. PROL, Appellant,

v.

Howard K. PROL, Appellee.

Superior Court of Pennsylvania.

Submitted Aug. 11, 2003.

Filed Dec. 18, 2003.

Lucille A. Prol, appellant, pro se.

Jane P. Marks, West Chester, for appellee.

Before: STEVENS, KLEIN, and GRACI, JJ.

GRACI, J.:

¶ 1 Appellant, Lucille A. Prol ("Wife") appeals *pro se* from an order entered in the Court of Common Pleas of Chester County on March 4, 2003, denying her Exception to the Report and Recommendation of the Hearing Officer. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 In 1998, Wife filed for divorce from Appellee, Howard K. Prol ("Husband").

Wife filed a support complaint on May 15, 1998, and spousal support was ultimately ordered. Husband filed a divorce complaint on May 21, 1998, including a claim for equitable distribution. On December 7 and 8, 2000, the parties had an equitable distribution hearing before a special master, who issued a Report and Recommendation on March 7, 2001. On March 13, 2001, Wife filed timely exceptions. On September 19, 2001, the trial court entered a final decree of divorce disposing of Wife's exceptions.

¶ 3 On October 16, 2001, Wife filed an appeal to this Court, and an emergency application for a stay of the trial court's entry of the divorce decree and order of equitable distribution. On May 2, 2002, this Court affirmed the final decree of divorce. On May 29, 2002, this Court denied Wife's emergency application for stay of marital assets and exclusive possession of the marital residence.

¶ 4 On June 6, 2002, Wife filed a petition for allowance of appeal and a request for a stay of marital assets with the Pennsylvania Supreme Court. On June 28, 2002, Husband filed a petition to terminate spousal support. On November 20, 2002, the parties had an evidentiary hearing before a hearing officer who issued a report and recommendation wherein he recommended that Husband's support obligation be terminated effective May 2, 2002, the date this Court affirmed the trial court's final divorce decree and equitable distribution order. On December 2, 2002, Wife

filed exceptions to the hearing officer's report and recommendation asserting that the hearing officer abused his discretion and/or committed an error of law by granting the petition to terminate spousal support while the parties' divorce action was still on appeal to the Pennsylvania Supreme Court.[1] On December 26, 2002, the Pennsylvania Supreme Court denied Wife's petition for allowance of appeal and dismissed her application to stay of marital assets as moot. Thereafter, by order dated February 26, 2003, and filed March 4, 2003, after consideration of Wife's exceptions, the parties' briefs thereon and the record, the trial court denied and dismissed the exceptions and ordered Husband's spousal support obligation terminated effective May 2, 2002..

¶ 5 Wife filed a timely appeal from the March 4, 2003, order and presents a single issue for our review:

I. Is it error for the Court of Common Pleas to enter an order terminating the spousal support of a party on the recommendation of a master in support, over the party's timely exception, when the recommendation was made at the time when that [sic] the party has a petition for allowance of appeal pending before the Supreme Court on the underlying divorce decree?

Appellant's Brief, at 2.

## II. DISCUSSION

■ ¶ 6 Before addressing the merits of Wife's claim, we note that we are review-

---

1. On December 9, 2002, an interim order dated December 2, 2002, was filed which purported to grant Husband's petition to terminate spousal support upon consideration of the Hearing Officer's recommendation. That interim order noted, however, that Wife had filed exceptions to the hearing officer's recommendation. The report of the hearing officer recommending termination of spousal support clearly provided notice, however, that, in the absence of timely exceptions, the recommended order of termination would become final. Here, as explained in text, Wife filed timely exceptions on December 2, 2002, the tenth day being Saturday, November 30, 2002. No part of wife's argument is based on this interim order and its effect, if any. We mention it only to give a full explanation of the procedural history of the dispute currently before us.

ing the trial court's order of March 4, 2003. We are not reviewing the hearing officer's report and recommended order which the trial court subsequently adopted. *See McNaughton v. McNaughton,* 412 Pa.Super. 409, 603 A.2d 646, 648 (1992) (though master's report is entitled to great weight, this court reviews trial court's order). Here, the trial court's order was entered more than two months after the Supreme Court denied Wife's petition for allowance of appeal and she makes no claim that the trial court lacked jurisdiction to enter that order at that time. We will, therefore, review that order and determine if the trial court abused its discretion in terminating the order of spousal support. *See Isralsky v. Isralsky,* 824 A.2d 1178, 1188 (Pa.Super.2003) (alimony *pendent elite* reviewed under abuse of discretion standard). Of course, "[a]n abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment." *Id.,* at 1186.

■ ¶ 7 Turning, then, to the merits, we recognize that "[u]pon entry of a decree in divorce, any existing order for spousal support shall be deemed an order for alimony *pendente lite* if any economic claims remain pending." Pa.R.C.P.1920.31(d). Alimony *pendente lite* ("APL") is defined as "[a]n order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa. C.S.A. § 3103. Pursuant to 23 Pa.C.S. § 3702, alimony *pendente lite* is allowable to either spouse during the pendency of the action.

■ ¶ 8 However, "[t]he award of APL is not dependent upon the status of the parties but on the state of the litigation. This means, in theory, that the APL terminates at the time of divorce which usually concludes the litigation." *DeMasi v. De-* *Masi,* 408 Pa.Super. 414, 597 A.2d 101, 104 (1991). In *DeMasi,* our Court held that a divorce is not final for purposes of APL until appeals have been exhausted and a final decree has been entered. Thus, while APL typically ends at the award of the divorce decree, which also should be the point at which equitable distribution has been determined, if an appeal is pending on matters of equitable distribution, despite the entry of the decree, APL will continue throughout the appeal process *and any remand* until a final Order has been entered.

*Id.* at 104.

¶ 9 In the instant case, Husband's spousal support obligation would have terminated upon the entry of the trial court's Final Divorce Decree on September 19, 2001, disposing of Wife's Exceptions. Wife's appeal to this Court on October 16, 2001, suspended the effect of the decree. *Commonwealth ex rel. Brown v. Brown,* 254 Pa.Super. 410, 386 A.2d 15 (1978). *See also Shuda v. Shuda,* 283 Pa.Super. 253, 423 A.2d 1242, 1244 (1980). ("Considerations of public policy require that the dependent party be entitled to support, in the form of alimony *pendente lite* ... before entry of the lower court's decree[.] ... Since there is an absolute right of appeal from the lower court's decree, these same considerations require that the dependent party be entitle to support during the pendency of the appeal.")

¶ 10 The decree of divorce became final, and Wife's absolute right to appeal ended, with this Court's affirmance of the divorce decree on May 2, 2002. *See Commonwealth v. Byrd,* 441 Pa.Super. 351, 657 A.2d 961 (1995) (appeal to Pennsylvania Supreme Court not matter of right but of sound judicial discretion); 42 Pa.C.S.A. § 724(a); Pa.R.A.P. 1114.

¶ 11 While public policy requires that the dependent party be entitled to support

during the pendency of appeals of right, we do not agree that public policy mandates the continuation of APL through the pendency of all discretionary appeals. Such appeals may take months, if not years, to resolve causing the expenditure of perhaps thousands of dollars in APL. Such appeals are sparingly granted and even more rarely result in any relief to the appellant. Moreover, such appeals, particularly when filed by *pro se* litigants who are not bound by the Rules of Professional Conduct which require attorneys not to pursue frivolous appeals and to act in good faith, Pa.R.P.C. 3.1, may be used as tools of oppression designed to do nothing more than to delay the inevitable and to continue to receive support until the necessarily slow cogs in the wheels of the justice machine stop turning and resolve a dispute.[2] There are, therefore, sound policy reasons for not automatically continuing APL during periods of discretionary review.[3] Accordingly, the trial court properly ordered the termination of APL when Wife's divorce decree was finalized by this Court on May 2, 2002.

### III. CONCLUSION

¶ 12 Wife's divorce became final on May 2, 2002, when the divorce decree entered by the trial court was affirmed by this Court, exhausting Wife's appeals as of right. Wife is not entitled to the continuation of alimony *pendente lite* during the pendency of her discretionary appeals. The learned trial court, the Honorable James P. MacElree, II, of the Court of Common Pleas of Chester County, neither misapplied the law nor engaged in any unreasonable exercise of judgment in so concluding.

¶ 13 Order affirmed.

¶ 14 KLEIN, J., files dissenting opinion.

KLEIN, J., Dissenting:

¶ 1 I certainly recognize the problems created by the line of cases dealing with the issue of whether *alimony pendente lite* (APL) survives a common pleas court divorce decree when an appeal has been taken. That is why I believe it is time for an *en banc* panel of this Court or the Supreme Court to again review the issue to analyze the effect of subsequent legislative changes and case law.

¶ 2 At this point, I would hold that APL continues until the Supreme Court rules on the validity of a petition for allowance of appeal challenging the divorce decree. However, I would urge an *en banc* panel of this Court (or the Supreme Court) to revisit the opinion of Judge Spaeth in *Shuda v. Shuda*, 283 Pa.Super. 253, 423 A.2d 1242 (1980). *Shuda* suggests that the normal rules dealing with the stay of a decision do not apply to APL when a divorce decree has been challenged, and APL must con-

---

2. In suggesting that sometimes a *pro se* litigant's motives may be other than pure, we intimate no such suggestion as to Wife who is proceeding *pro se* in the instant matter. The record demonstrates that she was represented by counsel when she sought allowance of appeal of our prior decision in the Supreme Court.

3. An unsuccessful litigant in this Court could, of course, seek relief from an order of this Court making final a divorce decree and matters incidental thereto upon a proper showing in an application to the Pennsylvania Supreme Court, Pa.R.A.P. 1702(b), and may do so even before filing a petition for allowance of appeal. *Id.* Such a litigant could also seek relief from this Court in the form of a stay of a final order and, if unsuccessful, could appeal such a ruling to the Supreme Court. Pa.R.A.P. 1732(a); *id.* 1702(c). Of course, any litigant so seeking a stay would have to demonstrate entitlement thereto. *Pa.P.U.C. v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805, 808 (1983) (establishing criteria for granting stay).

tinue until the Superior Court rules "[s]ince there is an absolute right of appeal" to our Court. *Id.* at 1244. I would instead hold that the losing party can ask for a stay of the part of the divorce decree that terminates APL on the ground that otherwise she cannot afford to carry out an appeal of the divorce decree.

¶ 3 Until that is done, there seems to be no reason to follow the *dicta* in *Shuda* and allow APL until our Court rules, but then deny it when the statutory scheme gives the losing party *the right* to file a petition for allowance of appeal in the Supreme Court. If the losing party is penniless, she will have no more opportunity to file such a petition than she does to litigate the appeal in our Court.

¶ 4 For example, in *DeMasi v. DeMasi*, 408 Pa.Super. 414, 597 A.2d 101, 104 (1991), a panel of this Court said that "a divorce is not final for purposes of APL until appeals have been exhausted and a final decree has been entered." Since appeals are not exhausted if a petition for allowance of appeal is pending, this would mean that APL must still be paid until the Supreme Court rules on the petition. In *DeMasi,* an appeal was taken from the trial court's equitable distribution ruling. As a matter of fact, there was no appeal from the divorce decree, and the wife-petitioner had remarried. *Id.* at 105–06. Still, the *DeMasi* Court allowed APL to "continue throughout the appeal process *and any remand* until a final Order has been entered." *Id.* at 104 (emphasis in original).

¶ 5 It may also be the case that while equitable distribution is being appealed, alimony is not, and the appellant may be receiving significant alimony and not need APL on top of it. A panel of this Court in *Nemoto v. Nemoto,* 423 Pa.Super. 269, 620 A.2d 1216 (1993), held that an award of APL was not sacrosanct and could be mod-

ified if circumstances warrant it. The Court said:

> Unquestionably, the termination of litigation involving divorce and equitable distribution matters results in the cessation of an APL order. [*DeMasi v. DeMasi,* 408 Pa.Super. 414, 597 A.2d 101, 105 (1991).] This rule does not mean, however, that *only* the termination of the litigation may mark the end of APL. If, after careful review, the trial judge determines that the spouse who has been receiving APL has acquired assets or income which sufficiently equalizes the financial resources of the parties to pursue the action, APL may be discontinued. *See Spink v. Spink,* 422 Pa.Super. 126, 619 A.2d 277, 279 (Pa.Super.1992). The Superior Court will uphold the trial court's action in this regard where the factual findings are supported in the certified record. *Id.*

*Id.* at 1221 (emphasis in original).

¶ 6 Because of these developments, I believe there should be a full consideration of the needs of the losing party before APL is granted following a trial court decree terminating the marriage. If the party appealing the divorce decree (or equitable distribution or other financial issues) still needs APL, that party should petition the court for a stay of the part of the order that terminates APL and the normal rules with respect to a stay should apply. Until then, there is no reason to allow an automatic continuance of APL through the ruling of this Court but deny it through the ruling of the Supreme Court on a petition for allowance of appeal.

¶ 7 I would reverse the order of the trial court.