J. S67037/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KATHLEEN A. GABRIEL, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE W. GABRIEL, | : | |
| | : | |
| Appellant | : | No. 820 WDA 2014 |

Appeal from the Order April 16, 2014
In the Court of Common Pleas of Lawrence County
Civil Division No(s).: 342 of 2007 D.R.

| KATHLEEN A. GABRIEL, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EUGENE W. GABRIEL, | : | |
| | : | |
| Appellant | : | No. 822 WDA 2014 |

Appeal from the Order April 16, 2014
In the Court of Common Pleas of Lawrence County
Civil Division No(s).: 11294 of 2006 C.A.

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JANUARY 23, 2015**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Eugene W. Gabriel ("Husband"), appeals from the April 16, 2014 order entered in the Lawrence County Court of Common Pleas, sustaining, *inter alia*,  the March 11, 2014 order granting Appellee's, Kathleen A. Gabriel's ("Wife's"), motion to correct alimony *pendent lite* ("APL") arrearages.  Appellant contends the court erred in determining the APL litigation continued from June 28, 2010 until September 30, 2012, because the final order dated June 28th was not appealed.  We remand for a recalculation of Husband's overpayment of alimony based upon the duration of Wife's APL award.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> Husband and Wife were married in 1982.  The parties have two sons, both of whom are now emancipated.  The parties permanently separated in August 2006.  Approximately one month later, Wife filed a Complaint in divorce.  The case was bifurcated, and the trial court appointed a Divorce Master to address the issues of equitable distribution and alimony.  **The parties were divorced by a Decree entered in August 2009**.
>
> During the parties' marriage, Husband established a franchise with Ameriprise Financial, Inc. ("the Ameriprise franchise").  Husband is the 100% owner and sole proprietor of the Ameriprise franchise, where he works as a financial planner. The Ameriprise franchise is the parties' only significant marital asset.  During the parties' marriage, Wife contributed as a homemaker and the primary caregiver to the parties' children.  In 2003, Wife obtained employment at a retail clothing store.
>
> \*    \*    \*

Following several hearings, on October 16, 2009, the Master filed a Report and Recommendation ("the Master's Report"). In relevant part, the Master's Report (1) awarded Wife 50% of the value of the Ameriprise franchise; (2) awarded Wife alimony for 10 years, the first 5 years at $1,502.80 per month, and the remaining 5 years at $751.40 per month; and (3) stated that each party is responsible for his or her own attorney's fees and costs.

On November 2, 2009, Wife timely filed Exceptions to the Master's Report, contending that the Master erred in, *inter alia*, (1) recommending that Wife receive only 50% of the value of the Ameriprise franchise; (2) recommending an inadequate alimony award; and (3) failing to recommend that Husband pay Wife's unpaid attorneys' fees. Husband did not file any exceptions to the Master's Report.

In response to Wife's Exceptions, the trial court entered an Order on June 23, 2010, in which the court made several modifications to the Master's Report. In relevant part, the trial court (1) awarded Wife 65% of the value of the Ameriprise franchise; (2) ordered Husband to pay Wife alimony in the amount of $2,000 per month for approximately thirteen years (alimony would terminate when Wife reaches the age of 62 and is eligible to retire); and (3) ordered Husband to pay $10,000 of Wife's unpaid attorney's fees. On June 28, 2010, the trial court, *sua sponte*, issued an Order clarifying its prior June 23, 2010 Order.[1] On July 20, 2010, Husband timely filed a Notice of appeal from the June 23, 2010 Order. Husband did not appeal the June 28, 2010 Order.

---

[1] We note that "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. "The [trial] court's authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order is almost entirely discretionary." **Murphy v. Murphy**, 988 A.2d 703, 708 (Pa. Super. 2010). The notice of appeal from the June 23, 2010 order was not filed until July 20, 2010. Therefore, the court could *sua sponte* modify the order on June 28th.

On appeal, a panel of this Court vacated the June 23, 2010 Order and remanded the matter to the trial court with specific instructions for it to issue a new opinion and order clarifying the court's rationale for its June 23, 2010 Order and substantiating the amounts awarded to Wife. ***See Gabriel v. Gabriel***, 1155 WDA 2010 [(unpublished memorandum at *4) (Pa. Super. Aug. 2, 2011)]. In response, **on October 21, 2011, the trial court issued an Order and an accompanying Opinion, wherein the court affirmed, in all respects, its June 23, 2010 and June 28, 2010 Orders.**

***Gabriel v. Gabriel***, 1734 WDA 2011 (unpublished memorandum at 1, 3-5) (Aug. 29, 2012) (emphases added).[2] This Court "adopt[ed] the trial court's sound reasoning for the purposes of th[e] appeal and conclude[d] that the

---

[2] Husband raised the following issues in the prior appeal:

I. Whether the trial court abused its discretion and misapplied the law in utilizing the income of Husband [from] his Ameriprise [franchise] over and above $107,000.00, for the purposes of equitable distribution, spousal support and/or alimony . . . ?

II. Whether the trial court's decision and Order of October 21, 2011, on remand, remains an abuse of discretion, in as much as[ ] the same is nothing more than a reaffirmation of [the trial court's] prior abuse of discretion [in the] Order[s] of June 28[, 2010] and June 23, 2010[, wherein the court] award[ed] Wife alimony and counsel fees based on Husband's earning capacity of $194,446.00 and $10,120.00 per month, when a portion of the same income was also used to value husband's business, which Wife received 65% of, and the same is confiscatory, inequitable, and a b[la]tant punitive award of alimony?

***Gabriel***, 1734 WDA 2011 at 5 (emphasis added).

trial court did not abuse its discretion in fashioning the award of alimony to Wife." *Id.* at 10. This Court affirmed the October 21, 2011 order. *Id.* at 1.

On September 25, 2013, the Lawrence County Domestic Relations Section filed a motion to terminate APL and commence alimony in the amount of $2,000 per month retroactive to June 28, 2010. Lawrence County Domestic Relations' Motion, 9/25/13. The trial court entered an order on the same date, filed on September 26th, granting the motion. Order, 9/26/13. On December 5, 2013, Wife filed a petition for special relief. The court scheduled a hearing on the petition for February 21, 2014. Order, 12/5/13. The hearing was continued until April 1, 2014. Order, 2/25/14. On February 25, 2014, Wife filed a petition for contempt. Wife filed a motion to correct APL arrearages and on March 11, 2014, the court entered an order which provided "[t]he domestic Relations Office shall recalculate the arrearages in this case **based on a September 29, 2012 termination of [APL] of $3,334.43 per month prorated and effective September 30, 2012 implement an alimony Order of $2,0000 per month prorated.**" Order, 3/11/14 (emphasis added). The order further provided that the court would hear testimony on the appropriate arrearages at the April 1, 2014 hearing. *Id.*

A hearing was held on April 1st. On April 14, 2014, the court entered an order denying wife's petition for contempt, granting the petition for

special relief, and sustaining the March 11, 2014 order granting Wife's motion to correct APL arrearages. Order, 4/14/14.

This timely appeal followed. Husband filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court adopted its April 14th opinion as its Pa.R.A.P. 1925(a) responsive opinion. Order, 5/27/14.

Husband raises the following issue for our review:

> 1. Whether the Court erred in determining [Husband's] Alimony Pending Litigation continued from June 28, 2010 until September 30, 201[2] wherein the final order of Court dated June 28, 2010 was never appealed thereby terminating litigation?

Husband's Brief at 8.

Husband argues that the June 28, 2010 order, not the June 23, 2010 order, was the final order of court because Wife appealed the June 23rd order, not the June 28th order. Therefore, Husband avers litigation ended in relation to APL when the thirty day appeal period from the June 28th order expired. *Id.* He contends that he improperly paid APL from June 28, 2010 until September 30, 2012. *Id.*

> We review APL awards under an abuse of discretion standard. APL is "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S.A. § 3103. APL "is designed to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse." Also, and perhaps more importantly, "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic

warfare." **APL** is thus not dependent on the status of the party as being a spouse or being remarried but **is based**, rather, **on the state of the litigation**.

*Schenk v. Schenk*, 880 A.2d 633, 644 (Pa. Super. 2005) (some citations omitted and emphases added).

As a party's need for APL is a function of that party's economic means during litigation, Pennsylvania courts have repeatedly been asked to determine at what point in the litigation process APL should terminate. It has long been the law in this Commonwealth that APL should terminate upon resolution of all matters concerning equitable distribution:

Thus, while APL typically ends at the award of the divorce decree, which also should be the point at which equitable distribution has been determined, **if an appeal is pending on matters of equitable distribution, despite the entry of the decree, APL will continue throughout the appeal process and any remand until a final Order has been entered.**

*DeMasi v. DeMasi*, [ ] 597 A.2d 101, 104 ([Pa. Super.] 1991).

Subsequently, however, in *Prol v. Prol*, 840 A.2d 333, 336 (Pa. Super. 2003), this Court concluded that APL should not be automatically continued during discretionary appeals, specifically those matters which are appealed to the Pennsylvania Supreme Court. *Id.* at 335. However, our Court in *Prol* emphasized that **parties are automatically eligible to receive APL through appeals to this Court**, as such appeals are not considered discretionary. *Id.* at 335-336.

*Haentjens v. Haentjens*, 860 A.2d 1056, 1062-63 (Pa. Super. 2004) (emphasis added).

Instantly, the trial court opined:

. . . Wife is entitled to receive $3,332.35 each month with that amount being designated as APL. Upon implementation of the alimony award, the monthly amount received by Wife would be reduced to $2,000.00. Therefore, the effective date of Wife's alimony award greatly affects the amount of credit owed to Husband. Husband believes Wife's alimony award should begin immediately following the issuance of the June 28, 2010 order. According to Husband's argument, all payments made to Domestic Relations after June 28, 2010 should be characterized as alimony, thereby increasing the overpayments made by Husband. Wife alternately argues that she was entitled to APL while Husband appealed this [c]ourt's final economic order. Wife maintains that her alimony award should not commence prior to September 30, 2012.

\* \* \*

[I]t is clear that Wife is entitled to receive APL throughout the duration of litigation. Thus, while Husband was exercising his ability to appeal this [c]ourt's final economic order, Husband was under the obligation to pay Wife APL. Upon exhaustion of the appeal process and remand to this [c]ourt, Wife's APL award terminated and her entitlement to alimony began. Based on the [c]ourt's determination, the [c]ourt finds that the Order of Court issued on March 11, 2014, which corrected the duration of Wife's APL award and established an effective date for Wife's alimony award, to be correct. Upon the [c]ourt's own inquire, [sic] the [c]ourt sets Husband's overpayment balance to be $19,153.11 as of April 14, 2014. This balance is consistent with the changes made in the Domestic Relations action following the March 11, 2014 Order of Court. The [c]ourt therefore concludes that Wife's Motion to correct APL Arrearages was properly granted, and the resulting credit in Husband's favor is properly set at $19,153.31. **Husband shall receive a dollar for dollar credit against Wife's equitable distribution award for overpayments** Husband made to the Office of Domestic Relations of Lawrence County.

Trial Ct. Op., 4/14/14, at 8-9, 11-12 (emphasis added).

In contravention of the court's April 14th opinion, the April 14th order provided, *inter alia*, "The Domestic Relations Section of Lawrence County shall consider [Husband's] overpayments in adjusting [Wife's] monthly alimony award **until the overpayments are absorbed into [Husband's] active alimony order**." Order, 4/14/14. at 6, ¶6. On December 11, 2014, the trial court entered an order which corrected this misstatement.[3] The order provided, *inter alia*, as follows:

> 1. Upon thorough review of this [c]ourt's opinion dated April 14, 2014 and the corresponding Order of Court, the [c]ourt finds that the language of the April 14, 2014

---

[3] Subsequent to the filing of the instant appeal, Wife filed a "motion to harmonize the April 14, 2014 order with opinion of even date." Docket, 12/12/14, at 8. The docket indicates Husband opposed the motion. **Id.** On December 10, 2014, counsel for the parties appeared before the court to argue the motion. Order, 12/10/14. The court entered an order on December 11, 2014 vacating paragraph six of the April 14, 2014 order. **See infra.** This Court received the order in a supplemental record.

The Pennsylvania Rules of Appellate Procedure provide:

> (b) **If anything material to a party** is omitted from the record by error, breakdown in processes of the court, or accident or **is misstated** therein, the omission or **misstatement may be corrected** by the following means:

> > (1) **by the trial court** or the appellate court **upon application** or on its own initiative **at any time**; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary[.]

Pa.R.A.P. 1926(b)(1) (emphases added). The parties and the court complied with Rule 1926(b)(1).

[order] improperly gives [Husband] **a double credit against his equitable distribution obligation and against his spousal support obligation**.

\* \* \*

5. Therefore, paragraph six (6) of the April 14, 2014 Order . . . is hereby VACATED and replaced with the following provision:

> The domestic Relations Section, as of April 14, 2014, shall adjust [Husband's] overpayment from $19,312.37 to $0.00.

Order, 12/11/14, at 1-2.

We find the trial court erred in determining that Wife's APL terminated on September 29, 2012. Instantly, the underlying appeal was decided by this Court on August 29, 2012. **Gabriel**, 1734 WDA 2011. Wife was eligible to receive APL though the appeals to this Court. **Haentjens**, 860 A.2d at 1063. Therefore, Wife's APL terminated on August 29, 2012. **See id.** Accordingly, we remand for the trial court to recalculate Husband's overpayment balance.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2015

- 10 -