J-A13003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANN B. GRAZIANI, FORMERLY KNOWN AS ANN B. DUNN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS W. DUNN, III | |
| Appellee | No. 1460 WDA 2014 |

Appeal from the Order August 6, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2009-3151

BEFORE:  PANELLA, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 27, 2015**

Ann B. Graziani, formerly known as Ann B. Dunn, ("Wife"), challenges a divorce decree entered on November 20, 2012. Specifically, she challenges the trial court's determination, by way of an order entered August 6, 2014, that the decree was effective to divorce her from Thomas Dunn ("Husband"), despite this Court having vacated the decree in part and remanded the case to the trial court for further proceedings consistent with a previous memorandum decision. ***See Graziani v. Dunn***, No. 1980 WDA 2012 (Pa. Super., filed March 21, 2014) (unpublished memorandum). We affirm.

Wife filed a complaint in divorce on April 17, 2009, requesting a no-fault divorce under 23 Pa.C.S.A. § 3301(c) along with ancillary economic claims. Husband and Wife each filed affidavits of consent to the divorce.

After multiple hearings on the economic claims, the divorce master issued a report and recommendation. In this report, the master made recommendations to the trial court on the economic issues and that a divorce decree should be entered under § 3301(c) of the divorce code. From this recommendation, both Husband and Wife filed exceptions on various economic issues. After briefing and argument, the trial court issued an order disposing of both parties' exceptions. The trial court issued orders correcting the order of distribution and issued a final decree in divorce on November 20, 2012.

Wife filed a timely appeal with this Court. In her concise statement of matters complained of on appeal, Wife identified ten issues, all of which were economic related issues. None of the issues specifically identified entry of the § 3301(c) decree as an error.

The previous panel of this Court identified eight economic issues briefed and argued by Wife and addressed each issue individually. In its holding, the Superior Court reversed the trial court with regard to Wife's first, second, and fifth issues (pension, continuance, and alimony respectively); vacated as to her third, fourth, and sixth issues (attorney's fees, credit against equitable distribution, and pension respectively); remanded as to issue eight (restricting evidence); and found no merit in her issue seven (loss of value of marital residence). **See Graziani**, No. 1980

WDA 2012 at 17-18. The panel then remanded the case to the trial court for proceedings consistent with its opinion. ***See id***.

Subsequent to the entry of the divorce decree, Husband remarried in Florida on October 31, 2013. In May 2014, Husband's employer terminated his employment and he applied for retirement benefits through his union in June 2014. In his application for retirement benefits, Husband named his current spouse as the beneficiary. Wife then petitioned the trial court for an order enjoining the union's pension fund from recognizing the current spouse, instead identifying Wife as his current spouse, and precluding paying out pension benefits to Husband.

The trial court entered an order on August 6, 2014, concluding that Husband and his current spouse were legally married as a result of the divorce decree and subsequent marriage. The trial court enjoined the pension fund from paying any pension benefits to Husband pending a final qualified domestic relations order ("QDRO"). Wife moved for reconsideration, arguing that her survivor's benefits from Husband's retirement could be affected by his remarriage. After the trial court denied reconsideration, Wife filed a timely notice of appeal of the August 6 order. Wife's stated reason for opposing Husband's motion for reconsideration of the July 10 order was that her rights to Husband's retirement benefits through his union pension fund could be affected by a subsequent marriage. Pending this appeal, Husband

and Wife executed a QDRO, which the trial court issued on December 17, 2014, resolving the issue of Husband's retirement.

Wife claims that the trial court erred in finding that its previously-entered divorce decree was effective to divorce the parties, despite Wife's pending appeal from the divorce decree.

Wife first argues the trial court erred in holding that since both Husband and Wife had filed affidavits of consent prior to the entry of a divorce decree, that these affidavits were akin to a consent to bifurcation of the divorce proceedings. "Bifurcation separates the termination of the marriage from the distribution of property so that the marriage and each party's personal life are not held hostage to economic demands." ***Wolk v. Wolk***, 464 A.2d 1359, 1361 (Pa. Super. 1983).

The Pennsylvania Divorce Code permits parties to bifurcate their divorce proceedings, under 23 Pa.C.S.A. § 3323(c.1), in two ways. With the consent of both parties, the court may enter a decree of divorce or annulment prior to the final determination and disposition of the matters provided for in subsection (b). ***See*** 23 Pa.C.S.A. § 3323(c.1). However, in the absence of consent of both parties, the court may enter a decree of divorce or annulment prior to the final determination and disposition of matters provided for in subsection (b) only if:

(1)    grounds have been established as provided in subsection (g); and
(2)    the moving party has demonstrated that:
    i.    compelling circumstances exist for the entry of the decree of divorce or annulment; and

ii.     sufficient economic protections have been provided for the other party during the pendency of the disposition of the matters provided for in subsection (b).

*Id*. The parties to this case have not consented to bifurcation in any way nor has the trial court explicitly entered an order granting bifurcation under Section 3323.

Non-consensual bifurcation proceedings must strictly adhere to the provision of Section 3323(c.1). Compelling reasons must be shown by the moving party in order to justify bifurcation of the proceedings, and sufficient economic protections must be provided.

The decision to bifurcate, though permissible, should not be made *pro forma*. **See Wolk**, 464 A.2d at 1362.

> Rather, such a determination should be made only after the disadvantages and the advantages have been carefully explored and analyzed. Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater benefit than not bifurcating, should it grant the petition.

*Id*.

Since consent for bifurcation was not freely given, and a hearing was not held on the issue to make specific findings, we conclude bifurcation was not granted in this case and therefore Pennsylvania law regarding bifurcated cases is not applicable here.

Wife next argues that the trial court erred in finding that she was required to request a supersedeas during the pendency of her appeal to keep the decree from becoming final. We agree with the trial court.

Wife asserts that her appeal suspended the operation of the divorce decree and that the parties were still husband and wife during the pendency of the appeal. *See* Appellant's Brief, at 10. Wife cites ***Prol v. Prol***, 840 A.2d 333 (Pa. Super. 2003), in support of her position stating "[w]ife's appeal to this Court … suspended the effect of the decree." ***Id***. at 335. However, Wife fails to acknowledge that the appeal in ***Prol*** included an application for stay of the trial court's entry of the divorce decree. ***See id***. at 334. ***See also Monroe County Children & Youth Services v. Werkeiser***, 598 A.2d 313 (Pa. Super. 1991) (mere filing of an appeal does not ordinarily automatically operate as a supersedeas and party seeking a supersedeas must comply with Rules of Appellate Procedure to obtain one).

Wife correctly points out that Rule 1731(b) of the Pennsylvania Rules of Appellate Procedure is not applicable in this case. This rule specifically applies to appeals from "an order of child support, spousal support, alimony pendent lite, equitable distribution or counsel fees and costs" which does not include appeals from the divorce decree itself. The reason for this rule is to protect the awardees of economic support from delays in the disbursement of these needed funds pending the appeal. ***See Cruse v. Cruse***, 737 A.3d 771 (Pa. Super. 1999).

However, this case is governed by our Rules of Appellate Procedure, such that an application for a stay of an order of a lower court pending appeal must be made in the first instance to the lower court. ***See*** Pa.R.A.P.

1732(a). Any litigant seeking such a stay would have to demonstrate entitlement thereto. ***Pa. Public Util. Comm'n v. Process Gas Consumers Group***, 467 A.2d 805, 809 (Pa. 1983). The grant of a stay is warranted if:

1. The petitioner makes a strong showing that he is likely to prevail on the merits.
2. The petitioner has shown that without the requested relief, he will suffer irreparable injury.
3. The issuance of a stay will not substantially harm other interested parties in the proceedings.
4. The issuance of a stay will not adversely affect the public interest.

***Id***. at 808-809.

It is essential that an unsuccessful party who seeks a stay of a final order pending appellate review make a strong showing under the criteria enunciated in ***Process Gas*** in order to justify the issuance of a stay. ***See Prol***, 840 A.2d at n.3 (applying ***Process Gas*** standard in application for stay of disposition of marital assets); ***Dincer v. Dincer***, 666 A.2d at 287 (Pa. Super. 1995), *rev'd on other grounds*, 701 A.2d 210 (Pa. 1997).

Wife did not seek a supersedeas and consequently did not make a showing of the required criteria. Thus, we conclude she did not ensure that the decree from which she appealed would be suspended.

Although Wife did not raise these factors herself, it is of note that she would not suffer irreparable injury, as the relief she seeks has already been resolved by a QDRO dividing Husband's pension.

Although we agree that this was not a bifurcated divorce case, we nevertheless agree with the trial court's determination that the divorce

decree of November 20, 2012 was effective to divorce the parties to this case since Wife did not seek a supersedeas to the decree.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2015