J-A17018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KIMBERLY E. CIARDI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT A. CIARDI, III | : | No. 2568 EDA 2016 |

Appeal from the Order Entered July 19, 2016
in the Court of Common Pleas of Chester County
Civil Division at No(s): No. 00649N2011,
PACSES No. 563112476

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED SEPTEMBER 19, 2017**

Appellant, Kimberly E. Ciardi ("Wife"), appeals from the July 19, 2016 order denying her petition for alimony *pendente lite* during the pendency of her appeal from the decree divorcing her from Albert A. Ciardi ("Husband"). We affirm.

Another panel of this Court previously summarized the facts in the underlying appeal:

> Husband and Wife were married in 1995, and separated in 2009. Husband and Wife have three children. Husband is an attorney who owns his practice. Wife has not worked outside of the home since 1995. Prior to a hearing before a master, the parties agreed to divide their considerable marital assets with 60% of the assets allotted to Wife and 40% to Husband. However, the parties were unable to agree on how to distribute Husband's two law firms, which he started during the marriage. Husband is the sole owner of Ciardi & Ciardi, PC, a Philadelphia law firm. Husband owns 50% of the Delaware-based firm Ciardi, Ciardi & Astin, PC.

---

* Retired Senior Judge assigned to the Superior Court.

Following another hearing, the master assigned Wife 50% of the value of the Philadelphia firm as her portion of the marital property, and 30% of Husband's share of the Delaware firm. The master also recommended Husband make three years of alimony payments to Wife at an annually decreased rate and that Husband pay $10,000 of Wife's counsel fees. Husband and Wife both filed exceptions to the master's report. Prior to the hearing before the trial court, Wife filed an emergency petition seeking disbursement of the assets from the recently sold marital home. The trial court disbursed the assets and deducted the payments from each party's equitable distribution portion of the marital assets.

After conducting a hearing, the trial court issued a final decree on December 22, 2015, divorcing the parties. The court sustained Husband's objection to the master's valuation of his interest in his law firms, as the master declined to assess taxes against the value of the businesses. The court assessed a 30% tax against Husband's business interests, and decreased Wife's equitable distribution award accordingly. The court also adjusted the award to account for the amount Wife received from the proceeds of the sale of the parties' home. The court thus reduced Wife's total equitable distribution award from $1,310,609 to $782,447.

Husband [timely] filed a notice of appeal to this Court. Wife then filed a notice of cross-appeal. After both parties complied with the trial court's directive to file Rule 1925(b) statements, Husband discontinued his appeal. [Wife continued her appeal.]

*Albert A. Ciardi, III v. Kimberly E. Ciardi*, 351 EDA 2016, *1-3 (Pa. Super. 2017) (unpublished memorandum). In June 2017, this Court affirmed the divorce decree, concluding that Wife was not entitled to relief. *Id*. at *6-7.

The remaining facts are garnered from the record. Prior to the disposition of her appeal of the divorce decree, in February 2016, Wife filed a petition for special relief with the trial court, requesting that alimony

*pendente lite* ("APL") continue through the pendency of the appeal. The trial

court denied Wife's petition in July 2016, specifically noting that:

> In this case, the Divorce Decree provides:
>
>> Husband shall pay to Wife the sum of $782,447[1] as follows: $30,000 within thirty days of the entry of the Divorce Decree, with the remaining $752,447 payable in monthly installments of $13,857 for 60 months at 4% interest.
>>
>> Wife also received alimony for 36 months at $3,000 for the first 12 months, $2,000 for the next 12 months and $1,000 for the final 12 months. See Divorce Decree.
>>
>> Husband already gave [W]ife the lump sum payment of $30,000. In addition, pursuant to the Divorce Decree, she is getting $16,857 per month from him for a total amount of $202,284 annually. In addition, the marital estate was recently sold and [W]ife received 60% of the proceeds, which gave her a lump sum payment of $464,000 from the sale of the house. Thus she will receive over $696,000 between 2015 and 2016 alone ($202,284 + $464,000 + $30,000). Based on the foregoing, the court finds that [W]ife has received more than adequate assets/income "which sufficiently equalizes the financial resources of the parties to pursue this action." Accordingly, the court finds that [W]ife is not entitled to APL during the pendency of the appeal.

Order, 7/19/2016, at 1-2 n.1. Wife subsequently filed a motion for

reconsideration, to which Husband responded. The trial court did not rule on

Wife's motion.

---

[1] The trial court's order erroneously lists this sum as $782,448. **See** Order, 7/19/2016, at 1-2 n.1.

In August 2017, Wife timely filed the instant appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion relying on its order of July 19, 2016.

Appellant presents the following question for our review:

> 1. Did the trial court err in denying Wife alimony *pendente lite* during the pendency of her appeal to the Superior Court [of Pennsylvania]?

Appellant's Brief at 2 (some formatting applied).

In the sole issue before this Court, Wife asserts that the court erroneously denied her petition for APL during the pendency of her appeal to this Court. Appellant's Brief at 5-13. In support of this assertion, Wife suggests that the jurisprudence of this Court is inconsistent, holding at times that, in a non-discretionary appeal,[2] continuance of APL is automatic while at other times analyzing the dependent spouse's financial resources to determine if continuance is appropriate. *Id*. at 11-13. According to Wife, the continuation of APL is an "automatic right" and an "absolute right of the dependent spouse." *Id*. at 11. Wife further contends that APL should be automatically continued during non-discretionary appeals without

---

[2] There is an absolute right of appeal from the lower court's divorce decree; as such, an appeal to this Court is non-discretionary. **Prol v. Prol**, 840 A.2d 333, 336 (Pa. Super. 2003). However, appeals to our Supreme Court are not matters of right, but of discretion. **Id**. at 335-336. Accordingly, Wife's appeal is non-discretionary.

consideration of any change in financial circumstances. Based on these premises, Wife requests (1) APL during the period that her appeal from the equitable distribution of her divorce decree was before this Court, as well as (2) APL for the pendency of the instant appeal. *Id*. No relief is due.

We review APL awards under an abuse of discretion standard. ***Haentjens v. Haentjens***, 860 A.2d 1056, 1062 (Pa. Super. 2004). "An abuse of discretion exists when the judgment of the trial court is manifestly unreasonable or is the result of prejudice, bias or ill-will." ***O'Callaghan v. O'Callaghan***, 607 A.2d 735 (Pa. 1992). If an order for alimony *pendente lite* is bolstered by competent evidence, the order will not be reversed absent an abuse of discretion by the trial court. ***Wayda v. Wayda***, 576 A.2d 1060 (Pa. Super. 1990).

APL is an order for temporary support allowable to either spouse during the pendency of a divorce action. 23 Pa.C.S. §§ 3702, 3103. A grant of APL by the trial court is not a matter of right to either party. ***Nemoto v. Nemoto***, 620 A.2d 1216, 1221 (Pa. Super. 1993). Rather, "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." ***DeMasi v. DeMasi***, 597 A.2d 101, 104 (Pa. Super. 1991).

Nevertheless, where APL has been awarded, the recipient is eligible to receive APL during the pendency of an appeal to this Court:

Considerations of public policy require that the dependent party be entitled to support, in the form of alimony *pendente lite* ... before entry of the lower court's decree [.] ... Since there is an absolute right of appeal from the lower court's decree, these same considerations require that the dependent party be entitle[d] to support during the pendency of the appeal.

***Prol***, 840 A.2d at 335-36 (citing ***Shuda v. Shuda***, 423 A.2d 1242, 1244 (Pa. Super. 1980)).

Additionally, this Court has repeatedly noted that eligibility to receive APL during an appeal is not absolute:

[A]limony *pendente lite* may be terminated before the litigation is concluded where the recipient has acquired assets of income which sufficiently equalizes the financial ability of the parties to pursue the action.

***Brody v. Brody***, 758 A.2d 1274, 1281 (Pa. Super. 2000).

There is no inconsistency in our case law, as alleged by Wife. Rather, divergent results in the cases cited by Wife rest on an important distinction, i.e., a change in the financial circumstances of the dependent spouse. ***Compare***, ***e.g.***, ***Brody***, 758 A.2d at 1281 (recognizing termination of APL proper where wife was awarded $319,501 in pension assets, continued to receive generous support from her parents, and was capable of working); ***Jayne v. Jayne***, 663 A.2d 169, 176 (Pa. Super. 1995) (concluding award of alimony *pendente lite* was improper where wife had acquired $225,866.84, plus alimony of $200.00 per month for two years, which sufficiently equalized the financial ability of the parties to pursue the action); ***Nemoto***, 620 A.2d at 1221 (recognizing that although wife's earning capacity and

actual income were less than husband's, she had "acquired adequate assets and income available through equitable distribution, alimony, and her own earning capacity so that she [could] litigate the case as she [chose]" moving forward); *Spink v. Spink*, 619 A.2d 277 (Pa. Super. 1992) (concluding that the trial court would not have abused its discretion in discontinuing APL to wife while appeal of that order was pending where, wife would receive $120,000 from sale of marital residence.); *with Haentjens*, 860 A.2d at 1063 (Pa. Super. 2004) (continuation of APL appropriate where wife had not yet received her equitable distribution award of $688,000).

In the instant case, Wife's financial situation changed dramatically, as she received $696,000 in income between 2015 and 2016. Order, 7/19/2016, at 1-2 n.1. The trial court detailed with specificity the sums Wife already received, including a lump sum payment of $464,000 as a partial distribution of the proceeds from the sale of the marital residence. We therefore conclude that Wife has acquired sufficient assets to pursue litigation on equal terms with Husband. *See DeMasi*, 597 A.2d at 104; *Brody*, 758 A.2d at 1281. The trial court's conclusion that Wife did not demonstrate a need for further payment of APL is supported by the record. Accordingly, we discern no abuse of discretion by the trial court in discontinuing APL payments to Wife. *See Haentjens*, 860 A.2d at 1063; *Wayda*, 576 A.2d 1060.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/19/2017</u>