TAMILIA, Judge:
 

 These are three consolidated appeals filed by former husband Rocco DeMasi from Orders entered October 16, 1989, and July 31, 1990.
 
 [1]
 
 The October 16, 1989, Order found appellant/husband in willful contempt for failure to pay the alimony pendente lite (APL) Order of December 28, 1984, and denied his petition to terminate APL nunc pro tunc; the July 31,1990, Order held husband in contempt for failing to comply with the October 16, 1989, Order.
 

 On September 29, 1982, husband filed a divorce action after which wife filed a related support action. On December 2, 1982, an Order was entered directing the husband to pay $264 per week for the support of two children and $130 per week as spousal support. No request for bifurcation was ever made by either party and a decree of divorce was entered on August 6, 1984. The divorce Master filed his report, which was adopted by the trial court, on September 5, 1985. On November 15, 1984, husband filed a petition to terminate APL on the basis a; decree of divorce had been entered. The trial court never acted upon this petition. On Décember 28, 1984, the trial court converted the Order of court relating to spousal support to APL pending the adjudication of the economic matters of the divorce. Husband appealed from the Order of July 9, 1985, which fixed child support at $264 per week
 
 [2]
 
 and APL
 
 *417
 
 at $130 per week. Subsequently, the Order of September 5, 1985 was appealed by both parties because of their dissatisfaction with the award of equitable distribution. In August, 1987, we remanded the case for determinations on equitable distribution issues.
 
 DeMasi v. DeMasi,
 
 366 Pa.Super. 19, 530 A.2d 871 (1987) (hereinafter
 
 DeMasi I).
 
 On August 18, 1988, wife filed a petition for contempt for husband’s failure to comply with the APL Order since May, 1984. On September 1, 1988, husband filed a second petition to terminate APL nunc pro tunc as of August 6, 1984. He argued the divorce action between the parties was a non-bifurcated divorce action and the continuance of APL was inappropriate under
 
 Dages v. Dages,
 
 380 Pa.Super. 654, 547 A.2d 442 (1988) (unpublished memorandum).
 
 [3]
 
 After hearings were held on both the APL termination nunc pro tunc and contempt issues, on October 16, 1989, the trial court denied husband’s petition and also found him in willful contempt for failure to pay the APL. The trial court found husband to be financially capable of paying the Order and found any argument husband might have had on the issue of termination of APL was waived by husband’s failure to raise the issue on appeal at the time of entry of the divorce decree. It is from the October 16, 1989, Order that husband is presently appealing.
 

 Additionally, on April 18, 1990, wife filed a petition seeking enforcement of the October 16, 1989, contempt Order, where husband had been ordered to pay or suffer incarceration. After more hearings, on July 31, 1990, the trial court again held the husband in willful contempt for failure to comply with the October 16, 1989, Order. In making its contempt finding, the trial court chose to adopt the findings of fact regarding the husband’s expenses made earlier. The court directed husband to pay or suffer thirteen consec
 
 *418
 
 utive weekends in jail. Husband timely appealed from this Order. On August 9, 1990, husband filed for a stay of the July 31, 1990, Order, and the Superior Court granted his request on August 13, 1990.
 

 Appellant argues the following two points: 1) the trial court, in its October 16, 1989, Order, erred as a matter of law in failing to find that the APL Order did not terminate as of the date of divorce in a non-bifurcated divorce proceeding; and 2) the trial court, in both the October 16, 1989 and July 31, 1990, Orders, erred in finding husband to be in contempt for non-payment of the APL Order and failed to provide reasonable conditions to purge said contempt.
 

 Appellee contends: 1) the issue of bifurcation is res judicata as a result of our findings of fact and holdings in
 
 DeMasi I, supra;
 
 2) even if the issue of bifurcation is not res judicata, there was a de facto bifurcation, and husband waived his right to challenge this by failing to raise the issue in his prior appeal to Superior Court; 3) the trial court’s Orders properly found husband to be in contempt and provided the proper conditions for purging himself of contempt; and 4) husband’s attempt to relitigate the issue of bifurcation is a frivolous appeal.
 

 Both parties agree the October 16,1989, and July 31, 1990, Orders are final and appealable. We determine the appeal from the Order of October 16, 1989 is interlocutory as the finding of contempt did not, at that time, execute on sanctions which were imposed but to take place in the future. In line with our findings in
 
 Sonder v, Sonder,
 
 378 Pa.Super. 474, 549 A.2d 155 (1988), since additional steps had to be taken and were taken, after the appeal was filed,
 
 [4]
 
 to implement the sanctions by a jail sentence, the Order was, in fact, interlocutory. Since an appeal was taken from the second contempt finding which was followed by incar
 
 *419
 
 ceration, we find it to be a final Order which will be disposed of in this review. The issue presented by the first appeal as to contempt merges with and will be disposed of by the second contempt appeal.
 

 Whether or not the husband has been properly found in contempt can be resolved simply by determining whether he had a duty to pay APL in the first instance once the matter of equitable distribution had been reviewed and determined by this Court in
 
 DeMasi I.
 
 The trial court and counsel have confused several issues in this case which has resulted in a legal morass which we must cut through to arrive at a proper decision.
 

 The statements of questions involved combine into basically two questions. The first is whether the holding in
 
 DeMasi I
 
 by this Court established a continuing basis for APL despite the fact there was no bifurcation by the trial court, the divorce had been entered and the wife was remarried. The second consolidated issue is whether the trial court may hold the appellant in contempt for failure to pay an Order of APL when the wife has remarried and the divorce is final.
 

 Issues relating to whether or not bifurcation was or was not ordered by the trial court and whether or not
 
 DeMasi I
 
 is res judicata of the APL issue are peripheral and will be resolved when the two major issues or questions have been analyzed and determined. According to this Court’s finding in
 
 Levine v. Levine,
 
 380 Pa.Super. 297, 520 A.2d 466 (1987), the trial court could properly convert a spousal support Order to APL in the process of the divorce proceeding which could effectively survive the divorce decree so long as matters of equitable distribution were still undecided. It may be argued that this is, in effect, a de facto bifurcation without following the procedure required by the Divorce Code in which the court orders bifurcation pursuant to a motion by a party to achieve that result. We
 
 *420
 
 do not rely on that theory, however, since, in this matter, APL will continue so long as the case is on appeal and the determination of the equitable matters in terms of property distribution has not finally been decided by the appellate court.
 

 It is very important at this time to make the distinction between APL and alimony. While in
 
 Desch v. Desch,
 
 329 Pa.Super. 22, 477 A.2d 883 (1984), this Court held that a conversion of a pre-existing Order of support into an Order of APL was merely a change in form and not substance with the underlying obligation remaining unaltered, this does not mean there is not a qualitative difference in terms of the effect of an APL Order and a support or permanent alimony Order. That distinction is traditional and goes back to a basic theory for permitting APL. APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare. Thus, APL is not dependent on the status of the party as being a spouse or being remarried as would be the case of support or alimony. Under the Divorce Code, where a divorce decree has been entered, the court, as it deems reasonable, may allow alimony to either party only if it finds alimony is necessary. 23 Pa.C.S. § 3701(a). Thus, alimony is not available until after the divorce decree has been entered. It is based on need and may be reduced or terminated upon remarriage or change in economic circumstances of the party receiving it. 23 Pa.C.S. §§ 3701(e), 3706, and 3707. Pursuant to section 3702, Alimony pendente lite, counsel fees and expenses, APL is allowable to either spouse during the pendency of the action. The award of APL is not dependent upon the status of the parties but on the state of the litigation. This means, in theory, that the APL terminates at the time of divorce which usually concludes the litigation. However, a divorce is not final for purposes of APL until appeals have
 
 *421
 
 been exhausted and a final decree has been entered. Thus, while APL typically ends at the award of the divorce decree, which also should be the point at which equitable distribution has been determined, if an appeal is pending on matters of equitable distribution, despite the entry of the decree, APL will continue throughout the appeal process
 
 and any remand
 
 until a final Order has been entered. Appellant’s contention that the award of APL should be terminated as of August 6, 1984 is, therefore, without merit.
 

 The element which has caused some confusion on the part of the appellant in this case is in relation to 23 Pa.C.S. § 3706, Bar to alimony, which provides: “[n]o petitioner is entitled to receive an award of alimony where the petitioner, subsequent to the divorce pursuant to which alimony is being sought, has entered into cohabitation with a person of the opposite sex who is not a member of the family of the petitioner within the degrees of consanguinity.”
 
 Id.
 

 This provision does not apply to APL as APL has a purpose distinct from that of alimony. Admittedly, the appellee was married in October 1984, soon after the divorce decree was entered, and has since remained married. It is, therefore, without question that alimony is not available to her. However, APL, since its purpose is to provide her equal standing with the appellant throughout the divorce proceeding, does not come within the sanctions of section 3706. Appellant’s reliance on section 3706 is, therefore, not applicable to the facts presented by this case. A further distinction between alimony and APL is that a bar to alimony by virtue of section 3706 applies absolutely to cohabitation or remarriage and deals not at all with economic issues. It is possible for a woman who would be unable to maintain herself after the divorce to be married to a person who, likewise, cannot maintain her, but she nevertheless would not be permitted to retain alimony upon cohabitation or remarriage. APL focuses on the ability of the individual who receives the APL during the course of
 
 *422
 
 the litigation to defend her/himself, and the only issue is whether the amount is reasonable for that purpose, which turns on the economic resources available to the spouse. In
 
 Miller v. Miller,
 
 352 Pa.Super. 432, 508 A.2d 550 (1986), this Court held that section 507 (now section 3706) does not apply to APL, relying on
 
 Prozzoly v. Prozzoly,
 
 327 Pa.Super. 326, 475 A.2d 820 (1984), which stated reasons for the distinction between alimony and APL are based on enabling the dependent spouse to maintain or defend the action in divorce.
 

 Our function as a reviewing court is limited to determining whether the court abused its discretion in allowing the claim for APL in compliance with 23 Pa.C.S. §§ 3102(a)(6)
 
 [5]
 
 and 3701(d).
 
 [6]
 
 We find the trial court did not abuse its discretion in implementing the APL Order, however, that does not resolve the ultimate issue in this case as to whether or not appellant has properly been found in contempt for failure to pay the APL down to the point where the contempt citation was issued.
 

 To reach the focus of this appeal we must return to the decision entered by this Court in
 
 DeMasi I.
 
 In that Opinion we entered an Order which resolved virtually all of the outstanding issues presented by the divorce and award of equitable distribution. This Court did not, however, decide the matter of alimony continuing despite wife’s re
 
 *423
 
 marriage on October 12, 1985, as that argument was not properly before the Court. That is the issue which we have before us and which we have discussed and resolved earlier in our analysis. In
 
 DeMasi
 
 /, we instructed that without a termination petition upon which an Order was made the issue could not be resolved at that time. This was a correct ruling and places this Court in the position of now deciding the issue which previously could not have been raised. As stated above, remarriage alone is not a basis for terminating an APL Order. However, the termination of the litigation involving the divorce and equitable distribution matters does result in a termination of the APL Order, and if the court has not ordered such a termination, such an Order cannot be enforced by contempt proceedings when it is invalid as of the date when the final distribution determination was made.
 

 For the purpose of this appeal, we are handicapped because no where in the record does there appear to be a resolution of the issue as to when, in fact, the Order of equitable distribution was finally entered. This Court remanded in
 
 DeMasi I
 
 for the purpose of resolving outstanding questions relating to three trust accounts which were established with insurance proceeds from an automobile accident involving one of the children. Secondly, this Court remanded for reconsideration of equitable distribution excluding good will from marital property and including the certificates of deposit as marital property, these considerations possibly requiring modification of the distribution of all other assets. Finally, this Court directed reconsideration of wife’s entitlement to alimony following the distribution of the marital property. That final remand instruction is actually moot as it has been determined the wife has remarried and, pursuant to section 3706, Bar to alimony, alimony is barred upon remarriage or cohabitation. Thus, for purposes of this appeal, the only issue remaining to be considered is when, in fact, the instructions of the
 
 DeMasi I
 
 
 *424
 
 Court were implemented. As of the date an Order was entered resolving the matters subject to remand, APL should have terminated. As stated before, since this record is not clear as to when those remand matters were effectively resolved, we are unable to determine at what specific point APL properly should have ended. Therefore, this case must be remanded for an evidentiary finding for the purpose of determining the date on which the remand matters were resolved. As of that date APL terminated and any arrearages must be adjusted to reflect that date. It necessarily follows that since the contempt Order was based on apparently unwarranted accumulations of arrearages on APL, and it was not factually determined what the true amount of the arrears would be that are due and owing, the contempt citations must be vacated pursuant to this remand.
 

 Case remanded to the trial court for further proceedings in compliance with this Opinion.
 

 Jurisdiction relinquished.
 

 [1]
 

 . Although the parties were divorced in August, 1984, for the sake of simplicity we will refer to the parties as husband and wife.
 

 [2]
 

 . One of the children moved in with the father on October 26, 1984, and the child support Order was reduced to $130 per week as of that date so that, at the time of the first appeal, this was the amount of
 
 *417
 
 child support which remained in contention.
 
 See DeMasi v. DeMasi,
 
 366 Pa.Super. 19, 530 A.2d 871 (1987).
 

 [3]
 

 . Reliance on
 
 Dages v. Dages,
 
 380 Pa.Super. 654, 547 A.2d 442 (1988), is improper as memoranda have no precedential value.
 

 [4]
 

 . After an appeal has been taken, the trial court may take action to "[e]nforce any Order entered in the matter, unless the effect of the Order has been superseded as prescribed in [Pa.R.A.P. 1701(b)(2) ].”
 

 [5]
 

 . § 3102. Legislative findings and intent
 

 (a) Policy. — The family is the basic unit in society and the protection and preservation is of paramount public concern. Therefore, it is the policy of the Commonwealth to:
 

 (6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.
 

 [6]
 

 . § 3701. Alimony
 

 (d) Statement of reasons. — In an order made under this section, the court shall set forth the reason for its denial or award of alimony and the amount thereof.