614 A.2d 1386

**John D. PRICE, Appellant,**

**v.**

**Marian PRICE, a/k/a Marian Agresta, a/k/a Marian Bechtold.**

Superior Court of Pennsylvania.

Submitted July 15, 1992.

Filed Oct. 20, 1992.

Kyle A. Burch, Media, for appellant.

Michael P. Dignazio, Media, for appellee.

Before CIRILLO, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

John D. Price appeals the trial court's Order entered August 1, 1991 reducing the alimony pendente lite (APL) Order of July 30, 1987, in favor of Marian Price, from $150 per week to $110 per week.[1]

On June 3, 1986, appellant commenced an action of divorce against appellee. In her answer, appellee requested an award of alimony upon the entry of a divorce decree and subsequently requested APL in the interim. After a hearing, on July 30, 1987, a Master entered an APL Order in the amount of $150 per week. At the time this award was entered, appellant worked full-time and earned approximately $40,000 per year. In 1989, because appellant stopped working and his income was severely decreased, he filed a petition to reduce or vacate the APL award. On October 26, 1990, appellee filed a petition

---

1. Appellee has failed to file a brief in this matter.

for contempt for appellant's failure to obey the earlier APL Order and asked the court to order appellant to pay a lump sum of $1,620 of arrears. No further action was taken on the contempt petition. On March 1, 1991, the court entered a divorce decree.

After numerous continuances, on August 1, 1991, the court held a hearing on appellant's petition to reduce or vacate APL. Appellant testified his 1989 income was $18,757 and in 1990, he was semi-retired and his income consisted solely of social security in the amount of $762 per month and approximately $350 per month from seasonal produce sales. Appellant turned 65 years old on January 18, 1992. There was conflicting testimony as to appellant's current assets, but the evidence revealed his yearly income had decreased significantly since the original APL Order. Appellant now asks this Court to vacate the Order or reduce it further.

After dismissing appellant's petition to reconsider its August 1, 1991 Order, the trial court stated the appeal should not be heard because Orders granting APL are interlocutory and appealable only by permission. The court further stated its reasons for entering its Order, which included the following:

> Plaintiff testified that no physician has advised him that he cannot work. The Court concluded that Plaintiff can do same kind of work that he has previously done, but he has made little or no effort to do so. It was stated on the record that he does not want to earn a sum that will affect his Social Security benefits. The Court concluded that his earning capacity has not diminished except as it my [sic] be affected by the current recession. Considering the recession the Order was reduced by FORTY ($40.00) DOLLARS a week.

(Slip Op., Wright, Sr., J., 1/2/92, p. 6.)

■■■ Appellant argues the APL award is appealable since the case cited by the trial court, *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985), is not on point. APL is, by its very definition, "[a]n order for *temporary support* granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S. § 3103 (emphasis added). Accordingly, the 1987 Or-

der awarding APL to appellee should have ceased upon entry of the divorce decree on March 1, 1991. In addition, the court erred in entering its Order of August 1, 1991 reducing the APL award since the divorce decree already had been entered and no economic issues were left to be resolved between the parties. At that time, while an Order for alimony would have been proper, none was entered and there is no indication that the continuing APL Order was intended to be one for permanent alimony. If such were the case, the court has failed to justify it. Therefore, *Fried, supra,* does not apply, the appeal was properly taken and the court's August 1, 1991 Order is vacated.

■ "The duty to provide alimony pendente lite arises upon the commencement of litigation and continues until all of the economic issues are settled." *Horn v. Horn,* 388 Pa.Super. 46, 564 A.2d 995 (1989); *see DeMasi v. DeMasi,* 408 Pa.Super. 414, 597 A.2d 101 (1991). At the time the trial court entered the divorce decree, there were no economic aspects of the litigation pending. The APL Order, therefore, terminated upon entry of the decree and the only matter to be considered by the court is the amount of reduction in APL from the date the petition for reduction was filed to the date the Order terminated. This will establish the amount the appellant was required to pay during that period and is an essential element in fixing arrears and the amount of the installments necessary for that purpose. While appellee may have been entitled to an award of alimony, that issue is not before us and it appears alimony is not awardable at this time unless the trial court erroneously believed it was entering a permanent alimony award when it modified the APL award. Anticipating the possibility of alimony, however, and since a remand is necessary so that the trial court may properly determine the proper arrearages appellant owes appellee up until the time the divorce decree was entered, we will briefly discuss the trial court's analysis of the parties' respective economic positions.

■ Payment on arrears must be adjusted so as not to be confiscatory and must be within appellant's ability to pay. As previously stated, appellant has retired and his income was

significantly reduced. On remand the trial court must take this into account in determining the reduction in the amount of arrearages appellant owes to appellee. "APL focuses on the ability of the individual who receives the APL during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for that purpose, which turns on the economic resources available to the spouse." *DeMasi, supra,* 408 Pa.Super. at 421–22, 597 A.2d at 105. Concerning the retirement issue, the trial court stated as follows:

> The Matters Complained of in Appeal state it was error to find that Plaintiff's earning capacity is such as to enable him to pay the Order when he is of retirement age and is semi-retired. We are not aware of any Appellate Court cases in the Commonwealth that hold that one reaching retirement age may voluntarily reduce his or her earnings and by reason of so doing use that as basis for reducing an alimony or support Order.

(Slip Op. at 7.) We find the trial court's analysis is unsupportable and unreasonable. A court may not compel a person of retirement age, who has retired and taken supplementary work, to increase his earnings to provide a better lifestyle for his divorced spouse who is also receiving social security and, according to appellant, a small pension. According to the trial court's reasoning it appears the wife is permitted to retire but the husband may not.

Appellant also contends the court erred in setting APL of $110 per week when appellee provided no testimony as to her needs at the August 1, 1991 hearing and there was evidence, at least as to housing, her situation had changed. We agree. Before a revised Order as to the APL arrearages is entered and before an alimony Order (if permissible) is set, it is necessary for testimony as to her economic circumstances to be obtained from appellee. It is only after a full and complete hearing that the court will be able to enter Orders effectuating the overriding goal of achieving economic justice between the parties.

80

Case remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.