## LeClair v. LeClair

*Susan M. Papa, for plaintiff.*
*William M. Panella, for defendant.*

PICCIONE, *J.*, January 24, 2011—This case is before the court on plaintiff's petition for special relief seeking appropriate relief from monthly alimony pendente lite payments of $1,000.00. The parties were divorced on Au-

gust 12, 2010. After a full hearing before the master on the issue of equitable distribution, the report of the master was filed on September 15, 2010. The master found that the defendant, who now resides with her boyfriend, has monthly income in excess of her reasonable monthly expenses. The plaintiff and defendant each filed exceptions to the master's report, which exceptions are presently pending before the court for a hearing scheduled March 28, 2011. Thereafter, the plaintiff filed this instant petition for special relief.

"Alimony Pendente Lite (hereinafter "APL") is an order of court for temporary support which is granted to a spouse during the pendecy of a divorce...proceeding." 23 Pa.C.S.A.§3103. APL is designed to help the dependent spouse maintain the standard of living enjoyed while living with the independent spouse. *Litmans v. Litmans*, 673 A2d 382, 389 (Pa. Super. 1996). "APL is based on the need of one party to have financial resources to pursue a divorce proceeding when, in common theory, the other party has major assets which are the financial sinews of domestic warfare." *Id.* at 388. APL is thus not dependent of the status of the party as being a spouse or being remarried, but is based on the state of the litigation. *DeMasi v. DeMasi*, 597 A2d 101, 104-105 (Pa. Super. 1991).

APL focuses on the ability of the individual who receives APL during the course of their litigation to defend himself/herself, and the only issue is whether the amount is reasonable for the purpose, which turns on the economic resources available to the spouse. *Haentjens v. Haentjens*, 860 A2d 1056, 1062 (Pa. Super. 2004); *DeMasi* at 104.

Though APL typically ends when a divorce decree is awarded, which also should be the point at which equitable distribution has been determined, if an appeal is pending on matters of equitable distribution, then despite the entry of the divorce decree, APL will continue throughout the appeal process and any remand thereof until a final order has been entered. *Haentjens* at 1062; *DeMasi* at 104. Therefore, it appears quite clear that defendant's entitlement to continued APL, notwithstanding the entry of a divorce decree between the parties, is appropriate. It therefore becomes necessary to consider the plaintiff's petition, which seeks "appropriate relief" in view of the facts which are presently before the court.

Both of the parties have filed exemptions to the master's report; however, neither of the parties has taken exception to the master's finding of the parties' annual gross incomes: plaintiff's, $50,000.00 per year; defendant's, $23,500.00 per year. On this basis, the respective net monthly incomes of the parties calculated in the manner utilized by the Domestic Relations Office would result in a determination that the plaintiff's net monthly income would be $3,154.17 and the defendant's net monthly income would be $1,587.66. Calculating the defendant's entitlement to APL utilizing this information results in a monthly APL order of $627.00 per month for the defendant. The court makes this calculation based upon its belief that APL would be awarded at upon the basis of 40 percent of the difference between the net monthly incomes of the parties.

## ORDER OF THE COURT

And now, January 24, 2011, and in accordance with the

accompanying opinion, it is ordered and decreed that in consideration of plaintiff's petition for special relief, the court orders and decrees that plaintiff's petition is granted to the extent that that commencing as of November 1, 2010, and the plaintiff shall be required to pay the defendant the sum of $627.00 per month alimony pendente lite pending further order of court.

The prothonotary is directed to serve a copy of this order of court and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.