# Leibig v. Leibig

*Jane Roach Maughan*, for plaintiff.
*Brian J. Cali*, for defendant.

HIGGINS, *J.*, August 7, 2013—This matter is before the court on defendant Steven C. Leibig's (hereinafter referred to as "defendant") exceptions from the support master's determination for an award of alimony pendente lite (APL). Previously, defendant's income was established at $8,395.27 per month. Plaintiff Ardis L. Leibig (hereinafter referred to as "plaintiff") was previously imputed an income of $3,064.66 per month which resulted in a monthly APL payment to plaintiff of $2,132.24. APL was terminated on April 30, 2012, pursuant to the February 24, 2012 order of court. On November 9, 2012, plaintiff filed a petition for modification of support order. After a support conference, a support master's hearing was requested and held on January 31, 2013. This court made the support master's recommendations an order of court, which was filed on March 4, 2013. Defendant filed exceptions to the support master recommendations on March 15, 2013. Oral arguments were heard by the court on May 6, 2013 and we are now prepared to dispose of defendant's exceptions.

The parties were married on September 18, 2007, and no children were born of the marriage. In January of 2011, the parties separated. Plaintiff filed a divorce complaint on April 6, 2011. A prior order for APL was issued in this matter which terminated on April 30, 2012. A hearing was held before the support master, after which a second order for APL was entered requiring defendant to pay the

sum of $996.00 per month to plaintiff until a final decree in divorce is entered or September 1, 2013, whichever occurs first.

When evaluating the merits of the parties' exceptions, we must first examine the master's report. Our function is to review the master's factual findings to determine if the recommendations are appropriate. *Ewing v. Ewing*, 843 A.2d 1282, 1286 (Pa. Super. 2004) (citation omitted). In Pennsylvania, a "master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Moran v. Moran*, 839 A.2d 1091, 1095 (Pa. Super. 2003). However, a master's report "is advisory only... and the reviewing court is not bound by it and it does not come to the court with any preponderate weight or authority which must be overcome." *Rothrock v. Rothrock*, 765 A.2d 400, 404 (Pa. Super. 2000) (citation omitted). We will, however, affirm the master if his recommendations are supported by the record.

In his exceptions, defendant argues that the support master erred in reinstating APL and, if properly re-instated, plaintiff's imputed income is *res judicata*. At the outset, we note that a person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity. *Hoag v. Hoag*, 435 Pa. Super. 428, 646 A.2d 578 (1994). Although a person's actual earnings usually reflect his earning capacity, where there is a divergence, the obligation is determined more by earning

capacity than actual earnings. *See DeMasi v. DeMasi*, 408 Pa. Super. 414, 597 A.2d 101 (1991). Earning capacity is defined as the amount that a person realistically could earn under the circumstances, considering his age, health, mental and physical condition, training, and earnings history. *Gephart v. Gephart*, 764 A.2d 613 (Pa. Super. 2000).

The Uniform Support Guidelines ("the Guidelines") are found in Rules 1910.16-1 et. seq. of the Pennsylvania Rules of Civil Procedure. The Pennsylvania Supreme Court has made clear that the amount of support recommended by the Guidelines is strongly favored:

Rule 1910.16-1 explicitly states that the amount of support, whether it be child support, spousal support or alimony *pendente lite*, shall be determined in accordance with the support guidelines which consist of not only the grids set forth in Rule 1910.16-2 and the formula set forth in Rule 1910.16-3, but also Rule 1910.16-5 which discusses in detail the operation of the guidelines.

*Ball v. Minnick*, 648 A.2d 1192, 1195-96 (Pa. 1994). "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." *DeMasi v. DeMasi.* 597 A.2d 101, 104 (Pa. Super. 1991). "An award of alimony pendente lite may be modified or vacated by a change in circumstances.... It is the burden of the party seeking to modify an order of support to show by competent evidence

that a change of circumstances justifies a modification." *Id.* at 388.

In plaintiff's petition for modification of support order she avers that she filed her petition to effect collection of arrears and re-instate the APL order. Plaintiff did not allege a change in circumstances and therefore, we believe that her imputed income should remain at the higher rate. After plaintiff voluntarily left her higher paying employment, she then accepted lower paying employment. Accordingly, we believe her earning capacity is properly set at the higher paying level. Although plaintiff argues that she should not be imputed this income indefinitely, research of caselaw has not revealed any precedent which establishes any time period for imputing an income. We are not concerned why plaintiff left her position as service manager at Abeloff Nissan, however, we believe that her voluntary resignation in conjunction with the short term of the marriage leads us to conclude that plaintiff should be imputed a higher income for purposes of APL. Additionally, we find no competent evidence that plaintiff experienced a change of circumstances.

In regard to the award of additional APL, we see no error by the support master in continuing APL to allow plaintiff to pursue the divorce action. After reviewing the evidence submitted at hearing we find that the master's conclusion regarding plaintiff's income is not supported by the record and applicable law. Accordingly, defendant's exception will be granted and this matter will be remanded back to the Domestic Relations Office for calculations of APL using the imputed income for plaintiff.

## ORDER

And now, this 7th day of August 2013, upon consideration of defendant's exceptions to the master's support recommendation and the response thereto, it is hereby ordered that defendant's exceptions are granted. It is further ordered that this matter is remanded back to the Domestic Relations Office for calculations of APL using the imputed income for plaintiff.