J-A27034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID A. JONES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELAINE K. JONES, NOW KNOWN AS ELAINE K. BUCHANAN | |
| Appellant | No. 1859 WDA 2014 |

Appeal from the Order Entered October 20, 2014
In the Court of Common Pleas of Mercer County
Civil Division at No: 2011-3446

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED JUNE 20, 2016**

Elaine K. Buchanan, Wife, appeals from the divorce decree filed in the Court of Common Pleas of Mercer County dated October 20, 2014, which made final its order of the same date dismissing her exceptions to the July 9, 2014 Report of the Family Law Master.  Upon review, we affirm in part, vacate in part, and remand for proceedings consistent with this Memorandum.

Wife and Husband, David A. Jones, were married on June 29, 1974. They separated on September 18, 2011 when Husband vacated the marital residence.  After the parties had been separated for approximately one month, Husband filed a complaint for divorce on October 20, 2011 alleging

"irretrievable breakdown of the marriage pursuant to 23 Pa.C.S.A. § 3301(c)."[1] Husband's Complaint at 1. After nine months of separation, Wife filed a counterclaim on July 18, 2012. On May 23, 2013, Wife filed a petition for alimony pendente lite (APL). The parties convened with counsel for a hearing on Wife's APL petition on July 31, 2013. Wife and Husband, however, reached a "private agreement" that APL would be paid at the rate of $7,400 per month and the hearing was canceled.[2]

Hearings before a Family Law Master were held on January 20, 21 and 22, 2014, on the issues of divorce, equitable distribution, alimony, and attorney fees and expenses. After conclusion of the hearings, the Master issued a July 9, 2014 Report wherein he made detailed findings of fact and conclusions of law. In his Report, the Master recommended the divorce be granted upon mutual consent, that a distribution of marital property be based upon the percentage of 55.9% to Wife and 44.1% to Husband, and that Wife be awarded alimony and additional sums for attorney fees and costs. Of concern to the present appeal, the Master, as a part of equitable

---

[1] Appellee's complaint alleges "irretrievable breakdown" as grounds for divorce, and cites 23 Pa. C.S.A. § 3301(c). The correct citation for divorce due to irretrievable breakdown is found at section 3301(d), 23 Pa. C.S.A. § 3301(d).

[2] Our review of the certified record reveals that this "private agreement" is documented only in a July 31, 2013 order of the trial court that canceled the July 31, 2013 hearing upon the basis that "the parties have reached a private agreement regarding alimony pendente lite".

distribution, awarded Husband real estate located in Ontario, Canada, which the parties agreed had an appraised value of $180,000. With respect to the award of alimony, the Master first awarded Wife COBRA health insurance coverage for thirty-six months after divorce to be paid by Husband. The Master next acknowledged that Wife was receiving voluntary APL payments of $7,400 per month. Due to the long term of the marriage and other factors, the Master awarded Wife graduated alimony payments as follows: $7,400 per month for thirty-six months followed by thirty-six months of alimony of $5,000 per month, thirty-six months at $4,000 per month, and thirty-six months at $2,000 per month.

Both parties filed exceptions to the Master's Report. Those exceptions in pertinent part were as follows. Husband alleged error by the Master in determining that the entire fair market value of the real estate in Ontario, Canada, valued at $180,000, be included in his part of the equitable distribution award, since Husband held only a one-half interest as a tenant in common in the property. Husband also claimed the Master erred by not crediting the voluntary APL he paid Wife towards the alimony award. Wife assigned error on the Master for not requiring Husband to designate Wife an irrevocable beneficiary on a life insurance policy to protect her alimony.

On October 20, 2014, the trial court issued its Memorandum Opinion granting in part and denying in part Husband's exceptions and denying Wife's exception. The trial court found Husband owned the Ontario, Canada cottage as a tenant in common with his aunt and, based on its hypothetical

that Husband would be entitled to only half of the property in a partition action, the trial court reduced the marital value of the cottage to $90,000.00. Trial Court Opinion (T.C.O.), 10/20/14, at 4. The trial court agreed with the Master's determination that Wife was entitled to long-term alimony, but deemed Wife's alimony to have begun on the day Husband began making voluntary APL payments on July 31, 2103, to incentivize Wife to conclude the divorce quickly.[3] T.C.O., 10/20/14, at 8. The trial court denied Wife's exception that Husband be required to name her as an irrevocable beneficiary on a life insurance policy to ensure her long-term alimony payments. *Id.* at 3-4. Wife timely appealed to this Court. Wife filed a Pa.R.A.P. 1925(b) statement and the trial court filed a Pa.R.A.P. 1925(a) opinion.

Wife raises three issues on appeal.

1. When a wife with a limited education and minimal earning capacity is awarded 12 years of alimony following a divorce from her husband of 37 years, did the court violate established law and abuse its discretion by crediting Husband for 16 months of voluntary alimony pendent lite payments based on an unidentified "policy" and thereby punish Wife by reducing her alimony by $118,400?

---

[3] The trial court deemed Wife's alimony to have begun on July 1, 2013. *See* T.C.O., 10/20/14, at 4; Rule 1925(a) opinion, 12/19/14, at 1. However, the trial court also stated that it deemed Wife's alimony to have begun on the day Husband began paying Wife voluntary APL. *Id.* Pursuant to the parties' private APL agreement, this was July 31, 2013 and not July 1, 2013. We will refer to July 31, 2013 as the date the trial court intended.

2.    If the parties stipulate to the $180,000 fair market value of marital real estate and Husband's credible testimony indicates that he considered the cottage owned by joint tenants with right of survivorship to be his alone and then conducted himself as the sole owner by paying all demolition, reconstruction and maintenance expenses with marital funds, did the court abuse its discretion by reducing the marital value of the property to $90,000?

3.    When a Wife is awarded alimony for twelve years based, in part, on the significant disparity between her earning capacity and that of her husband[] and the court denies her request to require her husband to protect the alimony payments with life insurance, has the court abused its discretion.

Wife's Brief at 6.

We review a trial court's order for APL, alimony, and property distribution for abuse of discretion. ***Jayne v. Jayne***, 663 A.2d 169, 176 (Pa. Super. 1995); ***Braderman v. Braderman***, 488 A.2d 613, 615-16 (Pa. Super. 1985). Absent an abuse of that discretion by clear and convincing evidence, this Court will not reverse, nor interfere with, the determinations of the trial court. ***Id.*** "However, an abuse of discretion will be found by this court if the trial court failed to follow proper legal procedures or misapplied the law." ***Id.***

In her first issue, Wife contends the trial court abused its discretion by crediting APL payments made by Husband against Wife's long-term alimony award. Wife's Brief at 11. Wife asserts that by deeming Husband's alimony payments to have begun on July 31, 2013, the trial court reduced her alimony by sixteen months, amounting to $118,400.00. Wife alleges the trial court did so to punish her, as it believed she had not proceeded with the

divorce with due diligence, and argues she was not required to file a counterclaim by law. Wife's Brief at 17. Wife argues the trial court based its ruling on a misinterpretation of the Divorce Code and a policy, which the trial court admitted, is not found in any appellate case law. Wife's Brief at 9, 15.

APL and alimony are not one and the same under the Divorce Code. There are important differences between them. As explained by this Court in *Spink v. Spink*, 619 A.2d 277, 279 (Pa. Super. 1992),

> Alimony pendente lite is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets "which are the financial sinews of domestic warfare." *DeMasi v. DeMasi*, 408 Pa. Super. 414, 420, 597 A.2d 101, 104 (1991). Under the Divorce Code, however, the trial court may allow alimony to either party only if it finds alimony is necessary. 23 Pa.C.S.A. § 3701(a). Accordingly, alimony is not available until after the divorce decree has been entered. *Id.* "[Alimony] is based on need and may be reduced or terminated upon remarriage or change in economic circumstances of the party receiving it." *Id.* (citing 23 Pa.C.S.A. § 3701(e), 3706, and 3707).
>
> Alimony pendente lite is not dependent upon the status of the parties, but upon the status of the litigation. *Id.* Theoretically, alimony pendente lite terminates at the time of divorce. *Id.* However, "a divorce is not final for the purposes of [alimony pendente lite] until appeals have been exhausted and a final decree has been entered." *Id.* at 420-21, 597 A.2d at 104. If an appeal is pending on the equitable distribution of the marital assets, alimony pendente lite will continue throughout the appeal process and any remand until a final order is entered. *Id.* at 421, 597 A.2d at 104. "[Alimony pendente lite] focuses on the ability of the individual who receives the [alimony pendente lite] during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for that purpose,

which turns on the economic resources available to the spouse." *Id.* at 421-22, 597 A.2d at 105.

*Id.* at 279. Further, unlike APL, a list of statutory factors under the Divorce Code must be considered when awarding alimony. *See* 23 Pa.C.S.A. § 3701(b). When a court awards APL, however, applicable rules require the amount awarded to be in accord with established support guidelines. *See* Pa.R.C.P. No. 1910.16-1(b). Additionally, "the purpose of alimony is not to reward one party and punish another, but rather to ensure that the reasonable needs of the person who is unable to support himself/herself through appropriate employment are met." *Jayne*, 663 A.2d at 174. "Entry of a divorce decree does not alter the right of a former spouse to alimony pendente lite or counsel fees or to a support or alimony award." *Taylor v. Taylor*, 503 A.2d 439, 442 (Pa. Super. 1986). Moreover, when there is an agreement between the parties, the Divorce Code provides:

> **(c) Certain provisions not subject to modification.--**In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.

23 Pa.C.S.A. § 3105(c). Agreements subject to 3105(c) may not be modified by a court.

In addressing Wife's and Husband's exceptions to the Master's alimony recommendation, the trial court held "the twelve year period of alimony is hereby deemed to have commenced on July [3]1, 2013, the date Husband

- 7 -

began making voluntary alimony pendente lite payments to Wife in the amount of $7,[4]00.00 per month" because, "as a policy matter, to do otherwise would provide no incentive to Defendant/Wife to conclude this divorce." T.C.O., 10/20/14, at 8. The trial court clarified that, while this policy "does not appear in any appellate cases," it is derived from a long established principal that "the spouse receiving alimony pendente lite should not be permitted to prolong the action unreasonably in order to continue to receive alimony pendente lite . . . . [H]ence, alimony pendente lite is intended to cover only the period in which the divorce proceeding may, ***with due diligence***, be prosecuted to a conclusion."[4] Rule 1925(a) Opinion, 12/19/14, at 1-2 (citation omitted). The trial court concluded Wife had not proceeded with due diligence, since Husband filed for divorce on October 20, 2011, and Wife only filed her counterclaim on July 18, 2012. ***Id.*** at 2. The trial court explained that its alimony order was intended to "provide [Wife] an incentive to conclude this divorce in a timely manner." ***Id.***

We conclude the trial court erred in crediting Wife's receipt of APL against her award of alimony for several reasons. First, as the trial court noted, no authority exists that permits the fashioning of an APL award with

---

[4] Neither Section 3702 of the Divorce Code, providing for allocation of alimony pendente lite, nor Rule 1910.16-4, providing the guidelines for calculation of APL, mention proceeding with due diligence as a requirement. 23 Pa.C.S.A. § 3702; Pa.R.C.P. No. 1910.16-4

incentives to either encourage or discourage litigation of a matter. In doing so, the trial court violated established law that court-ordered APL is awarded based on need alone and not to punish the other spouse. *See Schenk*, 880 A.2d at 644-45; *Jayne*, 663 A.2d at 176; Pa.R.C.P. No. 1910.16-1(b),(c). By reducing Wife's alimony award based on its perception that Wife had not proceeded with the divorce with due diligence, the trial court allocated alimony in order to sanction, or punish, Wife, instead of awarding alimony out of necessity and in accord with the alimony factors under section 3701(b) of the Divorce Code, 23 Pa.C.S.A. § 3701(b). *See also Jayne*, 663 A.2d at 174. Second, the finding by the trial court that Wife was not proceeding with due diligence in order to continue to receive APL is not supported by the record. The trial court concluded Wife had not proceeded with due diligence because she had not filed her counterclaim to Husband's October 20, 2011 complaint until July 18, 2012. The record, however, reveals that Wife was not receiving APL during this time. Further, Wife was not required even to file an answer to Husband's divorce complaint. Pa.R.C.P. No. 1920.15. Third, by crediting APL against Wife's alimony award, the trial court conflated the purpose each of these awards is to serve. As stated, APL is awarded **during** divorce proceedings without fault and is based upon the need of one party for support and to have equal financial resources to pursue the divorce litigation. Alimony is intended to commence **after** a final decree is entered and is based upon need and may be reduced or terminated upon remarriage or change in economic circumstances of the

party receiving it. ***DeMasi v. DeMasi***, 597 A.2d 101 (Pa. Super. 1991) (citing 23 Pa.C.S.A. §§ 3701(e), 3706, and 3707). By crediting APL against alimony, the trial court improperly modified APL and reduced the amount of alimony determined to be awarded to Wife without regard for the differences between these two awards. Additionally, while the trial court agreed with the Master's recommendation of twelve years of alimony based on the Master's "comprehensive analysis" of the section 3701(b) factors, the trial court entered an order differing from the Master's recommendation by over one year and $118,400.00 without consideration of the 3701(b) factors. T.C.O., 11/20/14, at 5-6. Finally, to the extent the "private agreement" between the parties established the amount of APL to be paid to Wife, the trial court was without authority to modify that agreement under section 3105(c) of the Divorce Code, which expressly prohibits a court from modifying agreements pertaining to, *inter alia*, APL. We therefore find that the trial court abused its discretion and misapplied the law in crediting Wife's APL against the alimony award.

In her second issue, Wife asserts that the trial court erred in calculating the marital value of the cottage in Ontario, Canada. Wife claims the trial court should have assessed the marital value of the cottage as equal to its fair market value of $180,000.00, arguing Husband considered and treated the property as his alone by demolishing the existing cottage, rebuilding a new one with marital funds, and paying all taxes and expenses. Wife's Brief at 19-20. Wife also makes the bare assertion that the trial court

erred in treating Husband as a tenant in common instead of as a joint tenant with a right of survivorship.

In determining the value of marital property,

> the court is free to accept all, part or none of the evidence as to the true and correct value of the property. Where the evidence offered by one party is uncontradicted, the court may adopt this value even [though] the resulting valuation would have been different if more accurate and complete evidence had been presented.

*Schenk*, 880 A.2d at 642 (quoting *Baker v. Baker*, 861 A.2d 298, 302 (Pa. Super. 2004)). Instantly, the trial court concluded Husband's interest in the Ontario, Canada cottage was as a tenant in common with his aunt, and, therefore, Husband owned a one-half interest in the cottage. Rule 1925(a) Opinion, 12/19/14, at 3. The trial court made this finding principally upon the record fact that Husband's interest in the property was deeded as a "joint tenant." The trial court further reasoned that Husband's improvements were irrelevant, since improvements done by a joint tenant to property are done at risk. Whether Husband would be entitled to more than a one-half interest in a partition action is speculative. Here, the trial court established Husband's interest based upon record title.

Relying on *Nicholson v. Johnston*, 855 A.2d 97 (Pa. Super. 2004), Wife claims that "[i]t is well settled in the law that in a partition action, a joint tenant who makes a greater contribution to the property's value may assert an equitable claim for a greater share of the sales proceeds." Wife's Brief at 21. Wife asserts that, in *Nicholson*, this Court affirmed the order of

the trial court that "granted the defendant $60,000 more of the proceeds based on his superior contribution to the property." Wife's Brief at 21. Wife therefore concludes that if Husband's aunt were to file a partition action, Husband could recoup funds proportionate to his investment in the property. *Id.* at 21-22. The defendant in *Nicholson* was able to recoup his greater contribution to the property at issue because the Court determined the defendant had made the contribution as a conditional gift contingent upon a marriage that did not occur. *Nicholson*, 855 A.2d at 101. The Court therefore held the defendant was entitled to the amount of his conditional gift. *Id.* As such, *Nicholson* is factually and legally distinguishable from the instant case. Moreover, we are not here dealing with a partition action.

We likewise reject Wife's assertion that Husband's interest as a joint tenant should be treated as a joint tenant with a right of survivorship. "[I]n order to engraft the right of survivorship on a co-tenancy which might otherwise be a tenancy in common, the intent to do so must be expressed with sufficient clarity to overcome the statutory presumption that survivorship is not intended." *Edel v. Edel*, 424 A.2d 946, 948 (Pa. Super. 1981). Wife has failed to produce evidence of any such clear intent. The claim therefore is dismissed.

Absent clear evidence that Husband held an interest in the property beyond that of a joint tenant, we cannot find that the trial court abused its discretion in concluding Husband's interest in the property was as a tenant in common with a one-half interest valued at $90,000.

In her third issue, Wife claims the trial court abused its discretion in denying her request to have Husband protect her long-term alimony by purchasing a life insurance plan and designating her as an irrevocable beneficiary. Wife argues "the [trial court's] conclusion that Husband's payment of Wife's health insurance for 3 years will permit Wife to pay Husband's life insurance for 12 years without impairing her standard of living is purely speculative and not supported by the record." Wife's Brief at 24. Wife argues "the loss of Alimony at any point during that term results in significant loss of income to a former spouse who is unlikely to find gainful employment to assist her in maintaining the standard of living the parties established during the marriage." Wife's Brief at 25.

Section 3502 of the Divorce code provides, in pertinent part, "Where it is necessary to protect the interests of a party, the court **may** also direct the purchase of, and beneficiary designations on, a policy insuring the life or health of either party." 23 Pa.C.S.A. § 3502(d) (emphasis added). In **Balicki v. Balicki**, 4 A.3d 654 (Pa. Super. 2010), this Court declined to find error by the trial court in not ordering long-term life insurance to protect alimony. In doing so, we noted that because alimony ceases at death under Section 3707 of the Divorce Code, 23 Pa.C.S.A. § 3707, the trial court did not abuse its discretion by refusing to require life insurance to secure an alimony obligation that would not exist. Wife must establish that the refusal to order life insurance to protect alimony is an abuse of discretion by clear and convincing evidence. We do not find that Wife has done so here. In

declining to order life insurance, the trial court reasoned that since Husband was obligated to pay thirty-six months of health insurance, Wife would have adequate resources to pay for 12 years of life insurance. While Wife claims the trial court's rationale was speculative, she offers no proof beyond conclusory arguments that the overall economic scheme accomplished in the equitable distribution award was unjust without the trial court ordering payment of life insurance. Without demonstrating that the trial court abused its discretion by clear and convincing evidence on this issue, we cannot conclude that the trial court committed error.

In conclusion, we affirm the trial court's determination that Husband holds a one-half interest valued at $90,000 in the Ontario, Canada cottage, as well as its determination that Husband was not required to purchase a life insurance policy naming Wife as an irrevocable beneficiary. However, we vacate the trial court's alimony order. As our disposition of the alimony issue may alter the trial court's equitable distribution scheme, we remand for additional proceedings and for entry of an order consistent with this Memorandum.

Order affirmed in part, vacated in part, and remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/20/2016