IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Office of Attorney General  :
   :
    v.  :
   :
Harth and Sons General  :
Contracting, LLC, H&S Contracting  :
and Blacktopping, Inc., and Charles  :
G. Harth, individually and as  :
President of Harth and Sons  :
General Contracting, LLC and as  :
President of H&S Contracting and  :
Blacktopping, Inc.,  : No. 672 C.D. 2022
    Appellants  : Submitted: July 14, 2023


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY        FILED:  December 6, 2023


   Harth and Sons General Contracting, LLC, H&S Contracting and Blacktopping, Inc., and Charles G. Harth (Harth), individually and as President of Harth and Sons General Contracting, LLC and as President of H&S Contracting and Blacktopping, Inc. (collectively, Appellants), appeal from the Luzerne County Common Pleas Court's (trial court) February 8, 2022 Civil Contempt Order (Contempt Order).  Therein, the trial court found Harth in contempt of the trial court's May 1, 2017 Order of Judgment Pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) 1037(d)[1] (May 1 Order).  Appellants present three issues for this Court's review: (1) whether the trial court's order is appealable; (2) whether the trial court abused its discretion by finding Harth in contempt; and (3) whether

---

[1] Pa.R.Civ.P. 1037(d) (relating to default judgment/admission).

substantial evidence supported the trial court's factual findings. After review, this Court quashes the appeal for lack of jurisdiction.

On November 10, 2015, the Commonwealth of Pennsylvania (Commonwealth) filed a complaint in equity against Appellants. Therein, the Commonwealth alleged that Appellants violated the Unfair Trade Practices and Consumer Protection Law[2] (UTPCPL) and the Home Improvement Consumer Protection Act[3] (HICPA), and sought equitable relief, restitution, and costs.

On May 1, 2017, the trial court issued the May 1 Order, wherein it directed that judgment be entered against Appellants, and

> a. enjoined Harth from engaging in the acts and practices alleged in the [c]omplaint and other acts and practices violative of the UTPCPL and HICPA;
>
> b. enjoined, for a period of five (5) years from the date of the [May 1] Order, Harth from applying for registration as a home improvement contractor under HICPA and from engaging in business as a home improvement contractor under HICPA;
>
> c. ordered Harth to pay restitution in the amount of . . . $59,173.59[] to the Commonwealth for distribution to various consumers aggrieved by the actions of [Appellants] alleged in the [c]omplaint;
>
> d. ordered Harth to pay civil penalties in the amount of . . . $28,000.00[]; and
>
> e. ordered Harth to reimburse the Commonwealth for certain enumerated costs, in a total amount of . . . $245.50[], associated with the Commonwealth's prosecution of the . . . action.

Reproduced Record (R.R.) at 29a-30a.[4]

---

[2] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1 - 201-10.

[3] Act of October 17, 2008, P.L. 1645, *as amended*, 73 P.S. §§ 517.1-517.19.

[4] Pennsylvania Rule of Appellate Procedure 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a[.]" Pa.R.A.P. 2173. Harth did not include the small a in numbering the pages of his reproduced record.

On May 3, 2017, the Commonwealth filed a record of service indicating that it had served Harth with a copy of the May 1 Order. On June 6, 2017, the trial court's prothonotary docketed a notice of entry of judgment against Harth, indicating that it mailed a copy of the entry of judgment to Harth.

On January 22, 2019, the Commonwealth filed a Petition for Contempt for Failure to Comply with the May 1 Order (Contempt Petition), therein alleging that Harth failed to pay the court ordered restitution, civil penalties, and costs, and had provided home improvement services after the trial court issued its May 1 Order. The trial court held four evidentiary hearings on the Contempt Petition.

On February 8, 2022, the trial court issued the Contempt Order. Therein, the trial court found that Harth had received the June 6, 2017 notice of entry of judgment; the Commonwealth had met its burden to prove that Harth had notice of the May 1 Order; Harth had failed to make payments toward restitution, civil penalties, and costs; Harth's nonpayment was a volitional act; and Harth held himself out as a home improvement contractor to a customer subsequent to his notice of the May 1 Order. Thus, the trial court found Harth to be in contempt of the May 1 Order. The Contempt Order provided as follows:

> 1. [Harth], individually, is found in contempt of this [trial] court's [May 1 Order].
>
> 2. All prior orders of [the trial c]ourt remain in full force and effect.
>
> 3. The [p]rothonotary shall serve notice of the entry of this [] Contempt Order in accordance with the provisions of [Civil Rule] 236 [(relating to prothonotary notice of order or judgment entry)].

Nevertheless, this Court's references to specific pages in the Reproduced Record shall be followed by an a.

3

R.R. at 41a.  However, the Contempt Order imposed no sanction or punishment on Harth.  Harth appealed to this Court.[5]

On March 10, 2022, the trial court instructed Appellants to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b) (1925(b) Statement).  On March 31, 2022, Appellants filed their 1925(b) Statement.  On May 6, 2022, the trial court issued its opinion pursuant to Appellate Rule 1925(a) (1925(a) Opinion).  On December 2, 2022, this Court issued an order directing the parties to address the Contempt Order's appealability.

Preliminarily, this Court has explained:

> [Appellate] Rule 341(a) . . . states that "an appeal may be taken as of right from any final order of a government unit or trial court."  Pa.R.A.P. 341(a).  A final order is one that "disposes of all claims and all parties" or "is certified as a final order" by a trial court "pursuant to [Rule] 341(c)."  Pa.R.A.P. 341(b).  "The purpose of limiting appellate review to final orders is 'to prevent piecemeal determinations and the consequent protraction of litigation.'"  *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (quoting *Hionis v. Concord T[wp.]*, 973 A.2d 1030, 1034 (Pa. Cmwlth. 2009)).

---

[5] Harth filed his appeal in the Superior Court.  On May 23, 2022, the Superior Court transferred Harth's appeal to this Court.

> "Our scope of review when considering an appeal from a contempt order is limited to . . . [determining] whether the trial court abused its discretion or committed an error of law."  *Dep't of Env['t] Res. v. Gentile*, 683 A.2d 711, 712 (Pa. Cmwlth. 1996).  "When considering an appeal from a contempt order, great reliance must be placed upon the discretion of the trial judge."  *Mulligan v. Piczon*, 739 A.2d 605, 608 n.4 (Pa. Cmwlth. 1999), *aff'd*, . . . 779 A.2d 1143 ([Pa.] 2001).

*W. Pittston Borough v. LIW Invs., Inc.*, 119 A.3d 415, 421 n.9 (Pa. Cmwlth. 2015).

4

*Colonial Sch. Dist. v. Montgomery Cnty. Bd. of Assessment Appeals*, 232 A.3d 1051, 1055 (Pa. Cmwlth. 2020) (footnote omitted).

This Court has observed relative to the appealability of contempt orders:

> An order finding a party in civil contempt may be appealable as a final order **if the order executes on sanctions which were imposed**. *DeMasi v. DeMasi*, . . . 597 A.2d 101 ([Pa. Super.] 1991) . . . . However, if the sanctions are not yet executed upon, but may be imposed in the future, the order is interlocutory. *Id*.

*Twp. of Concord v. Concord Ranch, Inc.*, 664 A.2d 640, 650 (Pa. Cmwlth. 1995) (emphasis added). "'[F]or a contempt order to be properly appealable,' it is necessary that the order 'impose sanctions on the contemnor and that no further court order be required before the sanctions take effect.'" *Porter v. Nikita Lodging, Inc.*, 274 A.3d 1272, 1282 (Pa. Super. 2022) (quoting *Glynn v. Glynn*, 789 A.2d 242, 248 (Pa. Super. 2001)) (underline emphasis added; bold emphasis omitted); *see also In re Est. of Disabato*, 165 A.3d 987, 993-94 (Pa. Super. 2017) (citing *Rhoades v. Pryce*, 874 A.2d 148, 151 (Pa. Super. 2005)) ("It is well[]settled that '**until sanctions are actually imposed**, **an [o]rder declaring a party in contempt is interlocutory and not appealable**.'") (emphasis added); *Jackson Twp. Supervisors v. Est. of Gresh* (Pa. Cmwlth. No. 1942 C.D. 2016, filed Dec. 12, 2017), slip op. at 14-15 ("Unless sanctions or imprisonment are imposed, an order declaring a party in contempt is interlocutory and not appealable." ).[6]

Based on this Court's review, the Contempt Order did not impose sanctions upon Appellants. In its 1925(a) Opinion, the trial court correctly observed

---

[6] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Estate of Gresh* is cited for its persuasive authority.

that its Contempt Order [wa]s squarely civil in nature, having been geared toward encouraging and coercing [Harth's] prospective compliance with the [May 1] Order. The Contempt Order neither intend[ed] nor inflict[ed] punishment upon [Harth], but rather merely confirm[ed] [Harth's] affirmative obligation to comply with the [May 1] Order. Consistent with the coercive aim of the trial court, the Contempt Order d[id] not subject [Harth] to imprisonment as a result of foregoing noncompliance, as requested by the Commonwealth in its [Contempt Petition], and d[id] not otherwise impose any obligation necessitating a financial purge of the contempt found.

1925(a) Op. at 2-3 (R.R. at 47a-48a) (footnote omitted). Because the Contempt Order did not impose sanctions, it is interlocutory and not appealable. Accordingly, this Court lacks jurisdiction over this appeal.[7]

For all of the above reasons, Appellants' appeal is quashed for lack of jurisdiction.[8]

_____
ANNE E. COVEY, Judge

---

[7] Harth also contends that the Contempt Order is appealable as a collateral order under Appellate Rule 313, which provides:

> (**a**) **General rule**.--An appeal may be taken as of right from a collateral order of a trial court or other government unit.

> (**b**) **Definition**.--A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. The Contempt Order fails to satisfy the collateral order requirements, as the question presented will not be irreparably lost if postponed until final judgment, where the trial court imposed no penalty.

[8] Based on this Court's conclusion that the Contempt Order is not appealable, it does not reach Appellants' other issues.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Office of Attorney General                    :
                                              :
          v.                                  :
                                              :
Harth and Sons General                        :
Contracting, LLC, H&S Contracting             :
and Blacktopping, Inc., and Charles           :
G. Harth, individually and as                 :
President of Harth and Sons                   :
General Contracting, LLC and as               :
President of H&S Contracting and              :
Blacktopping, Inc.,                           :     No. 672 C.D. 2022
                    Appellants                :

## O R D E R

AND NOW, this 6th day of December, 2023, the appeal of Harth and Sons General Contracting, LLC, H&S Contracting and Blacktopping, Inc., and Charles G. Harth, individually and as President of Harth and Sons General Contracting, LLC and as President of H&S Contracting and Blacktopping, Inc. from the Luzerne County Common Pleas Court's February 8, 2022 Civil Contempt Order is QUASHED for lack of jurisdiction.


_____
ANNE E. COVEY, Judge