J-A03003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JULIE C. RETOWSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KELLY S. RETOWSKY | : | |
| | : | |
| Appellant | : | No. 896 MDA 2020 |

Appeal from the Order Entered June 5, 2020
In the Court of Common Pleas of Adams County Civil Division at No(s):
2017-SU-0000043

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 19, 2021**

Appellant, Kelly S. Retowsky (Husband), appeals from the order entered in this equitable distribution dispute with Appellee, Julie C. Retowsky (Wife). We affirm.

The trial court recounted the factual and procedural background as follows:

> [Wife] and [Husband] were married on July 15, 2002.  Husband filed a divorce complaint against Wife in York County, Pennsylvania on or about October 17, 2016.  Subsequently, on January 17, 2017, Wife filed a Complaint [i]n Divorce, in the above captioned matter, in Adams County, seeking a divorce, equitable distribution and exclusive use and possession of the family home. The parties later stipulated that January 17, 2017, constituted their date of separation.  Husband was served on January 18, 2017.  On March 13, 2017, Honorable Christina M. Simpson ordered that Adams County was the more appropriate venue for the parties' divorce action and stayed the proceedings in York County.  Husband filed a Response to Wife's complaint on May 16, 2018, alleging his own basis for divorce, as well as a claim for

counsel fees and expenses, alimony *pendente lite* [APL] and alimony.

On May 31, 2018, Wife filed her affidavit of consent for divorce under §3301(c) of the Divorce Code, 23 Pa.C.S.A. §3301(c). On July 17, 2018, Wife filed an affidavit of consent for divorce under §3301(d) and a Motion [f]or [t]he Appointment of Master. On August 6, 2018, Wife filed a Petition [f]or Special Relief which included a bifurcation request. On September 18, 2018, Husband agreed, on the record, to bifurcation. He executed his affidavit of consent under §3301(c) and the same was submitted for filing. By Order dated the same date, Wife's request for bifurcation was granted. **See** 23 Pa.C.S.A. §3323(c.1). A Decree of Divorce was issued on September 20, 2018, with the Court retaining jurisdiction on all economic claims.

By a different Order dated September 20, 2018, Wife was directed to pay Husband [APL] in the amount of $2,924.00 per month for the period May 30 — August 9, 2018 ($6,905.44 total). That obligation was suspended for the period August 10 — September 10, 2018.[1] Effective September 11, 2018, [APL] was directed in the amount of $1,667.00 per month.

The Divorce Master was appointed on September 20, 2018, to hear all outstanding economic claims. The Divorce Master's Hearing was held on September 9, 2019. The Master's Report and Recommendation was filed on January 21, 2020. The Master devised a plan that awarded Husband 52% and Wife 48% of the net marital estate. The plan was to be effectuated as follows:

> 1. Real estate on Hunterstown-Hampton Road with a stipulated value of $35,000.00 is to be sold and the proceeds divided 52%/48%.
>
> 2. Real estate on York Road with a stipulated value of $120,000.00 is to be sold and the proceeds divided 52%/48%.
>
> 3. Wife is to reimburse Husband 50% ($3,051.50) of the real estate taxes and utility bills paid by

---

[1] Wife was unemployed during that period.

Husband ($6,103.00) on the Hunterstown-Hampton and York Road properties.

4. The former marital residence at 2087 Biglerville Road is subject to a pending partition action but when that matter is resolved the marital portion is to be divided 52%/48%.

5. Wife is to reimburse Husband 52% ($29,369.00) of various bank accounts ($56,479.00) retained by Wife.

6. Wife is to retain her Chevrolet Corvette ($12,415.00) and Ford Explorer ($12,600.00) and Husband is to retain the farm truck ($1,250.00).

7. Wife is to transfer 52% ($102,645.00) of her retirement assets ($172,533.00) to Husband via a Qualified Domestic Relations Order with the parties sharing the cost of preparation and approval of that order.

8. Wife is to pay Husband $20,000.00 for his interest in Entwistle family properties in Maine.

9. Wife is to reimburse Husband $1,500.00 for two televisions.

In addition, the Master recommended that Wife pay alimony to Husband for a period of 12 months from the entry of the Final Decree in Divorce in the same amount as what she is currently paying in [APL]. The Master denied Husband's request for counsel fees. Finally, the Master recommended that Husband reimburse Wife $750.00 for court costs she advanced.

Trial Court Opinion, 6/05/20, at 1-3 (footnotes omitted).

On February 11, 2020, both parties filed exceptions to the Master's report. The trial court directed the parties to file briefs, but did not schedule oral argument. On June 5, 2020, without holding oral argument, the trial court issued an order granting six of Wife's exceptions but denying the

remaining eight; it also granted three of Husband's exceptions but denied the remaining thirty-nine.  It affirmed "[a]ll of the Master's recommendations in his Report which do not conflict with [this] Order."  Order of Court 6/5/20, at 1.  In its revised equitable distribution plan, it increased Husband's percentage of the equitable distribution scheme from 52% to 55%.  Trial Ct. Op., 6/5/20, at Exhibit A.  This timely appeal followed.[2]

Husband raises the following issues for our review:

A. Did the trial court err by failing to hold oral argument on Husband's exceptions?

B. Did the trial court err by terminating [APL] and failing to provide [APL] through the appeal process and any remand until a final order has been entered?

C. Did the trial court err by accepting the testimony of Wife as credible?

D. Did the trial court err by finding that the property located at 362 Bendersville-Wenksville Road was not purchased with marital funds and is not marital property?

E. Did the trial court err by failing to award counsel fees where Wife failed to comply with the Order dated June 27, 2019 at Docket No. 2018-S-1993 and Wife failed to comply with the order dated April 13, 2017?

_____

[2] Husband and the trial court have complied with Pennsylvania R.A.P. 1925(b). However, Husband's three-page 19-issue Rule 1925(b) concise statement is not concise.  **See** Pennsylvania R.A.P. 1925(b)(4); **see also Kanter v. Epstein**, 866 A.2d 394, 401 (Pa. Super. 2004) (waiving prolix Rule 1925(b) statement where court determined that "outrageous number of issues" was deliberate attempt to circumvent purpose of Rule 1925).  Instantly, we decline to find waiver.

F. Did the trial court err by failing to award Husband permanent alimony?

G. Did the trial court err by assigning 2045 York Road and 25 Hunterstown-Hampton Road to [Husband] for the reasons explained and finding that the Farm Truck is marital property?

Husband's Brief at 8.

In his first issue, Husband argues the trial court erred in failing to hold oral argument on the exceptions. Husband's Brief at 19-21. The Pennsylvania Rules of Civil Procedure provide: "If exceptions are filed. . . The court shall hear argument on the exceptions and enter a final decree." Pa.R.Civ.P. 1920.55-2(c). In its 1925(a) opinion, the trial court explained:

> The lone issue not addressed previously concerns the undersigned's failure to hold oral argument on the exceptions filed to the Master's Report. The undersigned recognizes Pa.R.C.P. 1920.55-2(c) states that "[t]he court shall hear argument on the exceptions. . ." On February 11, 2020, after both parties filed exceptions to the divorce master's report, the undersigned entered orders directing the filing of briefs and noted that oral argument would be scheduled by a separate order of court. Shortly thereafter emergency restrictions related to court proceedings and filings were put in place by the President Judge of Adams County because of the pandemic. Briefs were accepted later than originally directed. By email dated April 13, 2020, this court advised counsel that because of the pandemic [it] was considering moving to disposition without oral argument. At that time, [it] raised four questions including whether counsel was opposed to waiving argument, and if so, for them to state their specific objection. Later that same day, [Wife's] counsel replied that he was not opposed to waiving oral argument but wanted to confer with his client. He did not respond further. [Husband's] counsel's April 16, 2020 response merely stated "**I will proceed by abiding by the appropriate directives.**" Because there was no express objection, this court determined to dispense with oral arguments but, regrettably, failed to expressly so notify counsel by subsequent communication. After the entry of the Order of June 5, 2020, [Husband] did not request this court vacate its

- 5 -

disposition in order for argument to be presented. Instead, this appeal was filed. The undersigned has no reason to believe that [Husband] has been prejudiced by the lack of oral argument in light of the arguments set forth in his briefs filed in support of his exceptions and in opposition to [Wife's] exceptions.

Trial Court Opinion, 7/31/20, at 1-2 (bold emphasis added).

Husband does not dispute the trial court's recitation, including the fact that Husband responded to the trial court's communication with an affirmative, albeit vague, acquiescence. Husband's Brief at 19-21. Husband explains he did not ask the trial court to vacate the order and hold argument because, "Husband lacked faith in a fair opportunity before Judge Kuhn"; we find this statement to be specious, given that the June 5, 2020 Order **increased** Husband's share of the marital estate. *Id.* at 21. Finally, Husband offers no support for his bald contention that he was prejudiced by the lack of oral argument. *See id.* at 19-21. Husband's first issue lacks merit.

In his second issue, Husband argues the trial court erred in terminating APL. Husband's Brief at 21-22. This claim is waived.

This Court has stated:

Alimony *pendente lite* ("APL") is defined as "[a]n order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S.A. § 3103. Pursuant to 23 Pa.C.S.A. § 3702, alimony *pendente lite* is allowable to either spouse during the pendency of the action.

However, "[t]he award of APL is not dependent upon the status of the parties but on the state of the litigation. This means, in theory, that the APL terminates at the time of divorce which usually concludes the litigation." *DeMasi v. DeMasi*, 408 Pa.Super. 414, 597 A.2d 101, 104 (Pa. Super. 1991). In *DeMasi*, our Court held that

a divorce is not final for purposes of APL until appeals have been exhausted and a final decree has been entered. Thus, while APL typically ends at the award of the divorce decree, which also should be the point at which equitable distribution has been determined, if an appeal is pending on matters of equitable distribution, despite the entry of the decree, APL will continue throughout the appeal process and any remand until a final [o]rder has been entered.

*Prol v. Prol*, 840 A.2d 333, 335 (Pa. Super. 2003) (some internal quotations and citations omitted).

Husband has not preserved this issue for appeal because he failed to include it in his 1925(b) statement. *See*, *e.g.*, *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (explaining "[t]he fact [that] [a]ppellants filed a timely [court-ordered] Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation.").

Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal [ ]." Rule 1925 also states that **"[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."** Pa.R.A.P. 1925(b)(4)(vii). In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309. This Court has held that "[o]ur Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" *Greater Erie Indus. Dev. Corp.*

- 7 -

> *v. Presque Isle Downs, Inc.*, 2014 PA Super 50, 88 A.3d 222,
> 224 (Pa. Super. 2014) (*en banc*) (emphasis in original).

*U.S. Bank, N.A. v. Hua*, 193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted); *see also Greater Erie Indus. Dev. Corp.*, 88 A.3d at 224 (stating that "it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.").

We have emphasized:

> Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.  This Court has further explained that a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all.

*Tucker*, 939 A.2d at 346 (citations and quotation marks omitted).

In his 1925(b) statement, Husband raised the same issue that he raised in his exceptions, namely:  "The [trial c]ourt erred by failing to reassess the amount of [APL]."  Statement of Matters Complained of on Appeal, 7/27/20, at 1; *see also* Trial Ct. Op., 6/05/20, at 5.  Husband never raised the issue of the termination of APL in his 1925(b) statement, and has stated it for the first time on appeal.  *See* Pa.R.A.P. 1925(b)(4)(vii). This is precisely the type of issue that must be articulated in a Rule 1925(b) statement, as it gives the trial court an opportunity to explain its ruling.  *See Tucker*, 939 A.2d at 346. Accordingly, Husband's second issue is waived.

In his third issue, Husband contends the trial court erred in crediting Wife's testimony.  Husband's Brief at 22-31.

We review an equitable distribution order for an abuse of discretion.

***Biese v. Biese***, 979 A.2d 892, 895 (Pa. Super. 2009).

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

***Id.*** (internal citations and quotations omitted).

***Reber v. Reiss***, 42 A.3d 1131, 1134 (Pa. Super. 2012).

> Moreover, **it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence**. ***Sternlicht v. Sternlicht***, 2003 PA Super 95, 822 A.2d 732, 742 (Pa.Super.2003), *aff'd*, 583 Pa. 149, 876 A.2d 904 (Pa.2005). We are also aware that "a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." ***Moran v. Moran***, 2003 PA Super 455, 839 A.2d 1091, 1095 (Pa.Super.2003) (citing ***Simeone v. Simeone***, 380 Pa.Super. 37, 551 A.2d 219, 225 (Pa.Super.1988), *aff'd*, 525 Pa. 392, 581 A.2d 162 (Pa.1990)).

***Childress v. Bogosian***, 12 A.3d 448, 455–56 (Pa. Super. 2011) (bold

emphasis added).

Husband seeks to have us reweigh and reassess the evidence. ***See***

Husband's Brief at 22-31. That is not our function. Moreover, in a thorough

and detailed opinion, the trial court considered all the evidence expounded by

both Husband and Wife, and relied where appropriate on the credibility

determinations of the master. Where it did not do so, the court explained

why, and cited evidence to support its determination. We will not disturb the

credibility determinations of the trial court, and where its conclusions find

support in the record, we will not disturb them. Here, there is nothing in the

record to persuade us that the trial court erred.[3] ***Id.*** Husband's third issue is

meritless.

In his fourth issue, Husband argues the trial court erred in finding the

property at 161 Bendersville-Wenksville Road was not marital property

because it was not purchased with marital funds. Husband's Brief at 31.

Husband's argument consists of a single paragraph, which does not cite any

relevant legal authority. Husband admits his entire argument on this issue is

---

[3] Husband states, "[w]hile Husband is sure that in a court of law the testimony of a registered nurse (Wife) and a member of the local Bar Association might seem more credible [than] that of an uneducated day labor[er], it is improper for the court to apply such prejudice to a litigant based on their education class and presentation." Husband's Brief at 30-31. This is Husband's second impertinent and unsupported affront against the trial court. ***See also***, ***id.*** at 21. Husband does not cite the record or state any reason for his claims of judicial bias.

dependent upon our reversing the trial court's finding that Wife's testimony was credible. *Id.* As we have already declined to do so, Husband's fourth issue lacks merit.

In his fifth issue, Husband argues the trial court erred in failing to award counsel fees due to Wife's failure to comply with Orders dated April 13, 2017 and June 26, 2019. Husband's Brief at 31-34.

> We will reverse a determination of counsel fees and costs only for an abuse of discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be 'on par' with one another.

*Brubaker v. Brubaker*, 201 A.3d 180, 191 (Pa. Super. 2018) (citation omitted), *appeal denied*, 216 A.3d 225 (Pa. 2019). The court may also award counsel fees as a sanction for vexatious conduct during proceedings. *Cook v. Cook*, 186 A.3d 1015, 1028 (Pa. Super 2018); *see also* 42 Pa.C.S.A. § 2503(7). A party who requests this sanction must prove the award is justified. *Kohl v. Kohl*, 564 A.2d 222, 225 (Pa. Super. 1989). Moreover, the failure to provide supporting documentation showing the amount of fees incurred and services rendered is fatal to the claim. *Anzalone v. Anzalone*, 835 A.2d 773, 786 (Pa. Super. 2003).

With respect to the Order of June 26, 2019, Husband admits the order was entered in a separate action, at a different docket number. Husband's Brief at 33. Thus, any claims regarding counsel fees in that case is not properly before us and we may not consider it further.

- 11 -

Husband's argument with respect to the April 13, 2017 Order is undeveloped. Husband does not provide any factual information regarding the order, why he believes Wife's conduct necessitated the imposition of a sanction, and fatally, Husband failed to provide any documentation of fees and services. *See Anzalone*, 835 A.2d at 786. It is not this court's responsibility to comb through the record seeking the factual underpinnings of Husband's claim. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997) ("In a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument"). Husband waived this issue.

In his sixth issue, Husband argues the trial court erred in failing to award him permanent alimony. Husband's Brief at 34-37.

We have stated:

Our standard of review regarding questions pertaining to the award of alimony is whether the trial court abused its discretion. We previously have explained that the purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.

*Conner v. Conner*, 217 A.3d 301, 315-16 (Pa. Super. 2017) (citation omitted). A list of factors a trial court should consider in awarding alimony is

- 12 -

contained in Section 3701(b) of the Divorce Code. *See* 23 Pa.C.S.A. § 3701(b). "To determine whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider all relevant factors, including the 17 factors that are expressly mandated by statute." *Lawson v. Lawson*, 940 A.2d 444, 447 (Pa. Super. 2007) (emphasis omitted). The factors in Section 3701(b) do not create an exhaustive list. *Ressler v. Ressler*, 644 A.2d 753 (Pa. Super. 1994).

Here, our review reveals that the trial court did not abuse its discretion; it considered relevant factors and the evidence from the master's hearing in fashioning an award of alimony. *See* Trial Ct. Op., 6/05/20, at 45-48. Moreover, given the record before us, which demonstrates that Husband — without explanation such as health issues — has been underemployed for several years, the court could have acted within its discretion in finding that Husband was not entitled to any alimony.[4] *See* N.T. 9/09/19, at 104-05, 108-12. At the master's hearing, when asked about employment, Husband testified that he worked, "[a]s little as I can." *Id.* at 104.

In his seventh and final issue, Appellant contends the trial court erred in assigning certain rental properties to him as part of equitable distribution,

---

[4] Husband's inaccurate and unsupported claims, which include further attacks on the trial court, suggest that Husband is unwilling to obtain appropriate employment, and would rather be supported by Wife. *See* Husband's Brief at 45-48.

- 13 -

and finding that a truck was marital property. Husband's Brief at 37-39. Husband complains, "the trial court order sought to punish Husband." *Id.* at 38.

As discussed above, we review an equitable distribution award for an abuse of discretion. **Reber**, 42 A.3d at 1134. Further, "a trial court has the authority to divide the award as the equities presented in the particular case may require." **Schenk v. Schenk**, 880 A.2d 633, 639 (Pa. Super. 2005) (citation omitted).

Instantly, the trial court detailed its rationale for awarding the rental properties to Husband. Trial Ct. Op., 6/5/20, at 16-18 (noting, *inter alia*, that parties did not get along well enough to manage the properties together, and Husband was better positioned to maintain the properties). Husband does not argue that the trial court committed an error of law; rather, his claim is simply that he does not like the award. Husband's Brief at 38-39. With respect to the truck, the trial court noted it was originally awarded to Husband by the master and Husband did not file an exception. Trial Ct. Op., 6/5/20, at 21. Husband does not dispute this. Further, he raised the issue concerning the truck for the first time in his Rule 1925(b) statement. **See Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived). After thorough review, we find no merit to Husband's seventh issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021